### A02A0836. McDONALD v. THE STATE.
(568 SE2d 588)

MILLER, Judge.

Citing the general grounds, Travis McDonald appeals his conviction of robbery by snatching from a person over 65. Since sufficient evidence sustains the conviction, we affirm.

"On appeal of a criminal conviction, the standard of review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation and punctuation omitted.) *Jenkins v. State*, 230 Ga. App. 166, 169 (2) (495 SE2d 647) (1998); see *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). OCGA § 16-8-40 (a) (3) provides that a person commits robbery when he with intent to steal suddenly snatches property of another person from that person's immediate presence. Sentencing is enhanced if the victim is 65 or older. OCGA § 16-8-40 (c).

Construed in favor of the prosecution, the evidence showed that a man grabbed a 68-year-old woman's purse from her immediate presence while she stood in a grocery store parking lot loading her groceries. Shortly after the crime, police found McDonald nearby possessing or wearing unique clothing that both an eyewitness to the robbery and the victim identified as those worn by the robber.

McDonald fled from police before his capture. At trial, the eyewitness positively identified McDonald as the man who snatched the purse.

McDonald challenges the veracity of the eyewitness's identification. "The determination of a witness'[s] credibility, including the accuracy of eyewitness identification, is within the exclusive province of the jury." (Citations and punctuation omitted.) *Jenkins*, supra, 230 Ga. App. at 169 (2). This Court neither weighs the evidence nor determines witness credibility. Id. The jury resolves any conflicts in the evidence. *Jaber v. State*, 243 Ga. App. 562, 563 (533 SE2d 767) (2000). "The testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8.

Moreover, beyond the eyewitness identification, McDonald's clothing, his presence in the vicinity, and his flight were evidence of guilt. See *Hogans v. State*, 251 Ga. 242 (1) (304 SE2d 699) (1983) (jury may consider whether flight constitutes some evidence of guilt). As some evidence sustained the conviction for robbery, we affirm.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED JULY 5, 2002.

*James D. Crowe*, for appellant.

*Kenneth W. Mauldin, District Attorney, Julayaun M. Waters, Assistant District Attorney*, for appellee.