## A06A0360. BEST v. THE STATE.
(630 SE2d 900)

RUFFIN, Chief Judge.

A jury found Marvin Best guilty of possessing cocaine with intent to distribute and obstructing a law enforcement officer. Best appeals, challenging the sufficiency of the evidence supporting his cocaine conviction.[1] He also argues that the trial court erred in admitting certain evidence and in charging the jury. Finding no error, we affirm.

1. In resolving Best's challenge to the sufficiency of the evidence, we view the evidence in a light favorable to the jury's verdict.[2] Weighing the evidence and determining witness credibility are beyond the purview of this Court. We simply assess whether the evidence was sufficient to find Best guilty beyond a reasonable doubt.[3]

Construed in this manner, the evidence shows that on July 29, 2003, Corporal Greg Rhode of the Chatham County Sheriff's Department went to a home in Chatham County to serve a probation violation warrant. When Rhode and his partner arrived at the home, they noticed a large group of people in front of the residence. All were standing, except Best, who was seated in a lawn chair.

Rhode testified that as the officers drove up, Best's "eyes became really large," and Rhode saw Best put his hand on the outside of his front right pants pocket and "squirm[ ] around." Best then reached into the pocket with his right hand, pulled out a cellophane bag, and transferred the bag to his left hand. Best placed the bag on the chair, next to his left thigh. According to Rhode, he never lost sight of Best or the cellophane bag.

Best stood and walked away from the chair. Rhode intercepted Best, and Rhode's partner retrieved the bag, which appeared to contain crack cocaine. Rhode then attempted to arrest Best, who struggled, tried to "break free," and actively resisted. Rhode ultimately subdued Best and handcuffed him.

Chemical tests identified the substance in the cellophane bag as eight pieces of crack cocaine. Without objection, Rhode testified that this amount of cocaine is inconsistent with personal use. He further testified that Best did not have a pipe or other smoking device at the time of his arrest, which also indicated that the cocaine was not for personal consumption. Finally, Rhode stated that the cocaine in the cellophane bag was "packaged for distribution."

---

[1] Best does not challenge his conviction for obstructing a law enforcement officer.

[2] See *Bussey v. State*, 263 Ga. App. 56 (587 SE2d 134) (2003).

[3] See id.

Challenging his cocaine conviction on appeal, Best argues that "[t]here is no evidence that [he] intended to distribute drugs." He notes that the police did not discover any drug packaging material, drug weighing devices, or sums of cash on him at the time of his arrest. And the seized cocaine weighed only 1.18 grams. According to Best, therefore, the evidence supported, at most, a conviction for possession of cocaine.

As discussed above, however, Corporal Rhode testified, based on his extensive training and experience as an officer on the counternarcotics team, that Best had in his possession an amount of cocaine inconsistent with personal use. He also testified that the cocaine was packaged for distribution. Such testimony was sufficient to support the jury's conclusion that Best possessed cocaine with the intent to distribute.[4]

2. Best argues that the trial court erred in permitting Corporal Rhode to testify "regarding the habits and instinctive movements of drug addicts and dealers." According to Best, Rhode was not qualified to "interpret psychological responses." The record shows, however, that Best did not object to that testimony at trial.[5] Accordingly, he has waived this claim of error for purposes of appeal.[6]

3. Next, Best argues that Rhode and his partner should not have been permitted to state their degree of certainty regarding their identification of him. Both officers testified that they were "[o]ne hundred percent" certain that Best was the man seated in the lawn chair when they arrived. Best claims that this testimony should have been excluded because the certainty of an eyewitness does not reflect the accuracy of that witness's identification evidence.

It is true that identification testimony is not necessarily accurate simply because the witness is "certain" about his or her identification.[7] And in *Brodes v. State*,[8] our Supreme Court disapproved of the pattern jury instruction that draws a correlation between the identifying witness's level of certainty and the reliability of an identification. Best has cited no case, however, that prohibits an identification witness from *testifying* about his or her level of certainty.

---

[4] See *Helton v. State*, 271 Ga. App. 272, 274-276 (b) (609 SE2d 200) (2005); *Barrow v. State*, 269 Ga. App. 635, 636 (1) (605 SE2d 67) (2004); *Bussey*, supra at 59 (1) (b).

[5] The testimony on the transcript page cited in Best's brief does not, in any way, relate to "psychological responses." We note, however, that Best raised no objection when Rhode testified at another point about reflexive responses typical of drug dealers.

[6] See *Tatum v. State*, 259 Ga. 284, 287 (4) (380 SE2d 253) (1989); *Watts v. State*, 200 Ga.App. 54, 56 (7) (406 SE2d 562) (1991).

[7] See *Armstead v. State*, 255 Ga. App. 385, 388 (2) (565 SE2d 579) (2002) ("It is within the common knowledge of a juror that the certainty of a witness's identification does not necessarily reflect its accuracy.").

[8] 279 Ga. 435, 442 (614 SE2d 766) (2005).

Such testimony can be challenged in many ways, including through cross-examination, expert testimony, or the presentation of testimony from other eyewitnesses.[9] Here, the record shows that Best cross-examined the officers about their identification and offered counter eyewitness testimony that another man was sitting in the lawn chair. Under these circumstances, we cannot find the testimony irrelevant or unreliable to the point of exclusion.[10] Accordingly, the trial court did not abuse its discretion in admitting the officers' testimony.[11]

4. Finally, Best argues — based on *Brodes*[12] — that the trial court erred in instructing the jury as to identification evidence. The record shows that the trial court gave a jury instruction similar to that disapproved by *Brodes*. It also reveals, however, that Best *requested* the charge. He thus cannot challenge the use of this instruction on appeal.[13]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED MAY 11, 2006.

*Jennifer R. Burns*, for appellant.

*Spencer Lawton, Jr., District Attorney, Ann M. Elmore, Assistant District Attorney*, for appellee.

---

[9] See, e.g., *Johnson v. State*, 272 Ga. 254 (526 SE2d 549) (2000) (the trial court, in its sound discretion, may admit expert testimony regarding the reliability of eyewitness testimony).

[10] See *Williams v. State*, 204 Ga. App. 878, 879 (2) (420 SE2d 781) (1992) ("The Georgia rule favors admissibility of any relevant evidence, no matter how slight the probative value.") (punctuation omitted); *Ivey v. State*, 258 Ga. App. 719, 721 (1) (a) (574 SE2d 908) (2002) (argument that child hearsay statements were unreliable because witness reporting the statements had a faulty memory went to the weight a jury might give the evidence, not its admissibility).

[11] See *Ford v. State*, 274 Ga. App. 695, 697 (1) (617 SE2d 262) (2005) ("We review a trial court's ruling on the admission of evidence under an abuse of discretion standard.").

[12] Supra.

[13] See *Zellars v. State*, 278 Ga. 481, 485 (7) (604 SE2d 147) (2004); *Roulain v. Martin*, 266 Ga. 353, 354-355 (2) (466 SE2d 837) (1996).