## A06A1188. BROWN v. THE STATE.
(636 SE2d 177)

RUFFIN, Chief Judge.
    A jury found Isaac Brown guilty of robbery. Following the denial of his motion for new trial, he appeals, challenging the sufficiency of the evidence. Finding the evidence sufficient to support the verdict, we affirm.
    When reviewing a challenge to the sufficiency of the evidence in a criminal matter, we consider the evidence in a light favorable to the jury's verdict and neither weigh the evidence nor evaluate witness credibility.[1] We only "assess whether the evidence was sufficient to find [Brown] guilty beyond a reasonable doubt."[2]
    Viewed in this light, the evidence shows that on the night of May 13, 2003, Delores Springer and her husband checked into a hotel in Richmond Hill, Georgia. As they were removing their belongings from their vehicle in the hotel parking lot, two men approached them, and one of the men grabbed Mrs. Springer's arm and took her purse. Mr. Springer chased the man who took the purse, whom he described as wearing a dark shirt with tan stripes. Mrs. Springer testified that the man who took her purse wore "a dark shirt . . . it wasn't a solid. It was either like a stripe or plaid or something."
    A woman who was with her fiancé at a nearby gas station heard Mrs. Springer scream and saw two men running toward a vehicle.

---

[1] See *Best v. State*, 279 Ga. App. 309 (1) (630 SE2d 900) (2006).
[2] Id.

One of the men wore a striped shirt and was carrying a purse. The two men entered the vehicle, which was driven by a third person, and fled the scene. The woman and her fiancé followed the vehicle onto Interstate 95 and called 911. They saw Mrs. Springer's purse being thrown from the vehicle they were following.

Police joined the chase and eventually stopped the vehicle. Brown was in the vehicle when police stopped it, and he was wearing a dark blue shirt with light-colored stripes. Items which had been in Mrs. Springer's purse were found on the floor of the vehicle and underneath the front passenger seat. That night, Mr. Springer identified Brown as the person who took his wife's purse.

At trial, Brown admitted to being in the vehicle that night, but claimed that he stayed in the vehicle while his two companions committed the robbery and that he was unaware of the robbery. Brown stated that another man was driving and that he, Brown, was in the back seat.

Brown argues that his mere presence at the scene of the crime is insufficient to support his conviction. But the State presented evidence from multiple witnesses that Brown was the man who took Mrs. Springer's purse, including Mr. Springer's identification of Brown the night of the robbery. While Brown contends that the testimony of various witnesses about the perpetrator wearing a dark shirt with stripes was insufficient to support his conviction, "the credibility of [the] witnesses and the accuracy of their identifications were matters for the jury."[3] We will uphold a jury's verdict "[a]s long as there is some competent evidence, even though contradicted, to support each fact necessary for the [S]tate's case."[4] Under these circumstances, the evidence was sufficient for the jury to find Brown guilty of robbery beyond a reasonable doubt.[5]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 6, 2006.

*John R. Dickey*, for appellant.
*Tom Durden, District Attorney, Angel L. Blair, Assistant District Attorney*, for appellee.

---

[3] *Moore v. State*, 250 Ga. App. 75, 76 (1) (550 SE2d 667) (2001).
[4] *Oliver v. State*, 273 Ga. App. 754, 755 (1) (615 SE2d 846) (2005).
[5] See id.; *McDonald v. State*, 256 Ga. App. 369 (568 SE2d 588) (2002).