## A06A1561. SMITH v. THE STATE.
(636 SE2d 748)

PHIPPS, Judge.

In connection with the robberies of two businesses, a jury found Dywain Smith guilty of one count each of armed robbery and attempted armed robbery and two counts of possession of a firearm during the commission of a crime.[1] He appeals, claiming that the evidence was insufficient to support the verdict, that the trial court improperly admitted his custodial statements, and that he was denied the effective assistance of trial counsel. Because these claims lack merit, we affirm.

1. On appeal from a criminal conviction, "the defendant no longer enjoys the presumption of innocence, and we view the evidence in a light most favorable to the verdict to determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt."[2] We neither resolve conflicts in the testimony nor assess witness credibility, but merely determine the legal sufficiency of the evidence.[3]

Smith's co-defendant, Richard Ream, testified that on July 14, 2001, he and Smith drove to the Villager Inn in Columbus. Smith went inside, then returned and "ordered" Ream to go in. Smith held the door open for Ream, who entered the hotel and pointed a gun at the desk clerk. The clerk ducked behind a counter, and Ream left without getting any money. According to Ream, Smith masterminded the robbery attempt. A hotel security camera videotape of the event was played for the jury.

Ream further testified that on July 17, he rode to a convenience store with Smith and Marquis Stephens. Smith waited in the driver's seat of the car, a red Ford Escort, while Ream and Stephens entered the store. Inside, Stephens pulled out a pistol and demanded money from the clerk. Having successfully robbed that store, Ream and Stephens left. Ream saw two people approach the store as they left.

Salina Jones testified that as she and her boyfriend approached the convenience store on the day in question, she saw two men inside, one of whom was pointing a gun and yelling at the clerk. Jones ran away from the store, and as she ran, she saw a red Ford Escort parked nearby with a man in the driver's seat. The two men who had been robbing the store ran to the Escort and got inside.

Sergeant George Lawson of the Columbus Police Department testified that he questioned Smith after reading him his *Miranda*

---

[1] Smith was acquitted of other charges related to a third robbery.

[2] *Smith v. State*, 247 Ga. App. 173 (543 SE2d 434) (2000) (citation omitted).

[3] *Cothran v. State*, 269 Ga. App. 256 (603 SE2d 762) (2004).

rights. According to Lawson, Smith admitted that he had driven Ream to the Villager Inn and the convenience store, as well as two other businesses, so that Ream could rob them. Smith told Lawson that he was doing favors for Ream and "helping him out" because Ream was having financial problems. Smith conceded, however, that he had shared in the proceeds of two of the robberies.

Smith argues that the evidence did not support a guilty verdict because he testified at trial and "provided a reasonable explanation for the events and his innocence." The transcript, however, shows that Smith elected *not* to testify at trial.

Smith also argues that his conviction rested solely on Ream's uncorroborated testimony. "In felony cases, of course, the uncorroborated testimony of an accomplice is insufficient to authorize conviction."[4] Nevertheless, slight evidence of corroboration connecting the defendant with the crime will suffice, and such evidence may be circumstantial.[5] The sufficiency of the corroboration of an accomplice's testimony is "peculiarly a matter for the jury to determine."[6] Here, the Villager Inn security camera videotape showed both Ream and Smith participating in the attempted hotel robbery. Likewise, Jones testified that she saw the two convenience store robbers join a third man waiting in a getaway car. Finally, Smith admitted to the police that he had driven Ream to four robberies and shared in the proceeds of two. This corroborating evidence was sufficient to support Smith's convictions.[7]

2. Smith asserts that the trial court improperly admitted into evidence his custodial statements to the police. He concedes that he signed a form waiving his rights, but he claims that there is no evidence that he understood the form. We disagree.

During a pretrial *Jackson-Denno* hearing, Lawson testified that Smith said he had completed seven years of schooling, that his mental condition seemed "good," that he acknowledged understanding his rights, and that he asked no questions about them. Detective Dan Williams of the Columbus Police Department, who was present during Smith's questioning, testified that he appeared to be "normal" and "aware of what was going on." Williams also testified that after another detective read the waiver form aloud to Smith, Smith stated that he "fully understood." Based on the testimony of Lawson and

---

[4] *Gibson v. State*, 267 Ga. App. 473, 474 (1) (600 SE2d 417) (2004), citing OCGA § 24-4-8.

[5] Id.

[6] *Mosier v. State*, 223 Ga. App. 75, 76 (476 SE2d 842) (1996) (citation and punctuation omitted).

[7] See *Gibson*, supra at 475-476; *Harvey v. State*, 205 Ga. App. 863, 863-864 (1) (424 SE2d 18) (1992); *Pitts v. State*, 128 Ga. App. 434 (197 SE2d 495) (1973).

Williams, we find no error in the trial court's conclusion that Smith's statement was given voluntarily, knowingly, and intelligently.[8]

3. Smith claims that his trial counsel rendered ineffective assistance in a number of ways. To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced him that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different.[9] Smith cannot meet this standard.

(a) Smith complains that his lawyer did not meet with him often enough before trial, but he fails to show how additional meetings would have aided his defense. Smith also asserts that his attorney did not advise him of his constitutional rights in connection with the trial and criminal proceedings, but he fails to indicate how these alleged oversights prejudiced his case. "In order to have reversible error, there must be harm as well as error and the lack of harm makes this enumeration of error without merit."[10]

(b) Finally, Smith complains because his lawyer failed to call his alibi witnesses. The record shows that defense counsel spoke with the witnesses before trial and concluded that they were "not good enough witnesses" because "they did not cover all the times." Consequently, counsel elected not to call the witnesses so that he could preserve the right to closing argument. This strategic decision did not constitute ineffective assistance.[11]

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED SEPTEMBER 18, 2006.

*Mark A. Casto*, for appellant.

*J. Gray Conger, District Attorney, Robert B. Bickerstaff II, Assistant District Attorney*, for appellee.

---

[8] See *Hill v. State*, 279 Ga. App. 402, 405 (3) (a) (631 SE2d 446) (2006).

[9] *Pittman v. State*, 277 Ga. 475, 480 (5) (592 SE2d 72) (2004).

[10] *Harris v. State*, 265 Ga. App. 876, 878 (1) (b) (595 SE2d 683) (2004) (citation and punctuation omitted).

[11] See *Browne v. State*, 261 Ga. App. 648, 649 (2) (583 SE2d 496) (2003).