A07A1804. SCOTT v. THE STATE.
(655 SE2d 326)

RUFFIN, Judge.

A jury found Oliver Scott guilty of robbery and kidnapping with bodily injury. The trial court denied Scott's motion for new trial, and this appeal followed. On appeal, Scott challenges the sufficiency of the evidence. He also contends that the trial court erred in permitting the State to bolster the victim's testimony and that he received ineffective assistance of counsel. Finding no error and the evidence sufficient, we affirm.

1. Following his conviction, Scott no longer enjoys a presumption of innocence, and we view the evidence in a light favorable to the

verdict.[1] In so doing, we do not weigh the evidence or assess witness credibility, but merely ascertain whether the evidence was sufficient to establish Scott's guilt beyond a reasonable doubt.[2]

Viewed in this manner, the evidence shows that on the evening of December 3, 2004, Manuel Arroyo was sitting on a bench at a bus stop, waiting for the bus. The area was well lit by a streetlight across the street. A man wearing jeans, a white t-shirt, and a hooded sweatshirt approached Arroyo and asked him "when the bus was coming." The man also asked Arroyo about the cigar Arroyo was smoking. After this brief conversation, the man walked in front of Arroyo, turned around, and punched him in the face, knocking him off the bench. Two other men appeared, and the three men dragged Arroyo behind some tall bushes where they continued to beat him. The men then stole several items of jewelry from Arroyo and approximately $35 in cash. The altercation was witnessed by a military police officer who was driving by the scene. The officer turned around, but by the time he returned, the assailants had fled. The officer also summoned the police.

Arroyo was able to give a description to the police of the man who initially approached him, and he told police he would be able to identify that assailant. Approximately one month after this incident, police took a photographic lineup to Arroyo, who identified Scott as the man who spoke to him before punching him in the face. Based primarily upon Arroyo's identification, the jury found Scott guilty of robbery and kidnapping with bodily injury.

(a) According to Scott, the evidence of only a single eyewitness should be insufficient to support a conviction.[3] However, we have held that the testimony of a sole eyewitness is sufficient to support a conviction.[4] Thus, this enumeration of error presents no basis for reversal.

(b) Scott also argues that the evidence was insufficient to sustain his kidnapping conviction because the State did not establish the necessary element of asportation. In order to prove the offense of kidnapping, the State must establish the unlawful asportation of a person against his will.[5] "Only the slightest movement of the victim is required to constitute the necessary element of asportation."[6]

---

[1] See *Bragg v. State*, 285 Ga. App. 408, 408-409 (646 SE2d 508) (2007).

[2] See id. at 409.

[3] At trial, an expert witness testified on behalf of Scott regarding the unreliability of eyewitness identification.

[4] See *Roberts v. State*, 257 Ga. App. 251, 252 (3) (570 SE2d 595) (2002); see also OCGA § 24-4-8.

[5] See *Ellis v. State*, 282 Ga. App. 17, 20 (1) (637 SE2d 729) (2006).

[6] (Punctuation omitted.) Id.

Where, however, the movement of the victim is minimal and in furtherance of another crime, the change in position must be more than merely incidental to the criminal act; it must be movement of the victim that aids the perpetrator in his criminal endeavor.[7] Here, the evidence shows that Scott and his companions dragged Arroyo approximately ten feet to where he was concealed from sight, beat him, and stole his valuables. Under these circumstances — where the movement served to conceal the victim — the jury was authorized to conclude that Scott was guilty of kidnapping Arroyo.[8]

2. Scott contends that the State was improperly permitted to bolster the victim's testimony through the lead detective's statement regarding the certainty with which Arroyo identified Scott from the photo array. However, Scott objected to the testimony below solely on the grounds that the State was leading its witness and that the question called for speculation, *not* on bolstering grounds. " 'In order to preserve an objection upon a specific ground for appeal, the objection must be made at trial upon that specific ground.' "[9] Because Scott did not object on bolstering grounds below, he has waived that objection on appeal.[10] To the extent that Scott now contends that this failure constituted ineffective assistance, he is unable to do so as "such argument impermissibly expands the enumerated error."[11]

3. Finally, Scott contends that trial counsel rendered ineffective assistance based upon the attorney's failure to call an alibi witness. In order to establish a claim of ineffective assistance, Scott must show not only that his counsel's performance was deficient, but also that the alleged deficiency prejudiced his defense.[12] Scott cannot meet this showing. At the hearing on Scott's motion for new trial, his trial counsel testified regarding her meeting with Scott's alibi witness, who was Scott's girlfriend. According to the attorney, the girlfriend equivocated regarding her ability to account for Scott's whereabouts and said that she was very nervous about testifying. Thus, counsel recommended to Scott that the girlfriend not be called as an alibi witness, and he agreed. Under these circumstances, the decision not to present Scott's girlfriend as an alibi witness was clearly strategic and cannot serve as the basis for an ineffectiveness claim.[13]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

---

[7] See *Lyons v. State*, 282 Ga. 588, 591 (1) (652 SE2d 525) (2007).

[8] See *Ellis*, supra.

[9] *Walls v. State*, 283 Ga. App. 560, 561 (2) (642 SE2d 195) (2007).

[10] See id. at 561-562.

[11] *Kohlhaas v. State*, 284 Ga. App. 79, 86 (5), n. 6 (643 SE2d 350) (2007).

[12] See *Palmer v. State*, 286 Ga. App. 751, 757-758 (7) (650 SE2d 255) (2007).

[13] See id. at 758 (7) (a); *Smith v. State*, 281 Ga. App. 587, 589 (3) (b) (636 SE2d 748) (2006).

DECIDED DECEMBER 4, 2007.

*Jennifer R. Burns*, for appellant.
*Spencer Lawton, Jr., District Attorney, Jonathan V. Dunn, Assistant District Attorney*, for appellee.