S10A0529. HAYNES v. THE STATE.

(695 SE2d 219)

THOMPSON, Justice.

Defendant Erik Estrada Haynes was convicted and sentenced for felony murder, multiple counts of armed robbery and aggravated assault, and possession of a firearm by a convicted felon.[1] He appeals, asserting, inter alia, the trial court erred in refusing to suppress an incriminating statement he made to police. Finding no error, we affirm.

---

[1] The crimes were committed on March 26, 2008. The grand jury indicted defendant for malice murder, felony murder, four counts of armed robbery, six counts of aggravated assault, and possession of a firearm by a convicted felon. Trial commenced on December 8, 2008; the jury found defendant not guilty of malice murder and guilty on the remaining counts of the indictment. On December 11, 2008, the trial court sentenced defendant to life in prison for felony murder, life in prison (consecutive) for one count of armed robbery, life in prison (concurrent) for the other counts of armed robbery, 20 years in prison (consecutive) for one count of aggravated assault, 20 years in prison (concurrent) for the other counts of aggravated assault, and five years (consecutive) for the firearm possession count. Defendant's timely filed motion for new trial was amended on July 6, 2009, and denied on September 28, 2009. Defendant filed a notice of appeal on October 6, 2009. The appeal was docketed in this Court on December 9, 2009, and submitted for a decision on the briefs.

Defendant and two other individuals were participants in back-to-back robberies and shootings at two separate, but nearby, locations. One of the victims, Lawrence Chambliss, was shot and killed at the second location as he tried to flee. The crimes occurred within minutes of each other and ballistic evidence linked the crime scenes together. Defendant was identified by eyewitnesses as one of the perpetrators at each location. He subsequently contacted one of the eyewitnesses who identified him as a perpetrator in the first robbery and offered her money to say she did not see him. In a statement to police, defendant admitted he was present at each crime scene, but he claimed that another participant carried and fired the weapon.

1. The evidence was sufficient to enable a rational trier of fact to find defendant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The credibility of the witnesses and conflicts in the evidence are matters within the province of the finder of fact, not this Court. *Kelly v. State*, 270 Ga. 523, 525 (1) (511 SE2d 169) (1999).

2. Defendant asserts the trial court erred in failing to suppress the statement he made to police because it was given in violation of his right to counsel. In this regard, defendant points out that long before he made the statement, he had invoked his right to counsel and counsel had been appointed to represent him. See generally *Ashley v. State*, 261 Ga. 488 (405 SE2d 657) (1991). This assertion is without merit.

Defendant invoked his right to counsel at the time of his arrest and the police stopped questioning him at that time. Seven weeks later, during a period of incarceration, defendant contacted the case detective and requested a meeting. The detective met with defendant and again advised him of his right to counsel. Defendant waived his right to counsel and made an incriminating statement. Inasmuch as the statement was made during the course of a subsequent interview which was initiated by defendant himself, not the police, the statement was admissible. Compare *Holmes v. State*, 284 Ga. 330, 332 (667 SE2d 71) (2008) with *Stone v. State*, 296 Ga. App. 305 (674 SE2d 31) (2009). See also *Minnick v. Mississippi*, 498 U. S. 146, 155, 156 (111 SC 486, 112 LE2d 489) (1990) (defendant can be deemed to have waived right to counsel even after counsel is requested and defendant and counsel communicate provided that defendant initiates conversation with police) (dictum).

Contrary to defendant's assertion, his waiver of counsel was not involuntary simply because he was incarcerated when he initiated contact with the case detective. See generally *Maryland v. Shatzer*, ___ U. S. ___ (130 SC 1213, 175 LE2d 1045) (2010).

3. Defendant objected to the admission of a photograph depicting the victim and the victim's wife, asserting it "interject[ed] emotion into the case." The photograph was identified by the victim's wife herself. The trial court overruled the objection to the photograph, finding that it did not create "any particular endearment." Pointing out that a photograph of the victim alone was admitted into evidence,[2] defendant contends the trial court erred in admitting the photograph of the victim with his wife. We disagree. Although "every effort should be made to proffer a photograph of the victim alone," *Boyd v. State*, 284 Ga. 46, 48 (2) (663 SE2d 218) (2008), the admission of a photograph depicting the victim and others does not necessarily constitute error. See generally *Ramey v. State*, 250 Ga. 455, 456 (1) (298 SE2d 503) (1983) (relevant photographs are admissible "even though they may have an effect upon the jury"). In light of the fact that the jury observed the victim's wife when she testified and identified the photograph in question, and the trial court's determination that the admission of the photograph of the victim and his wife would not give rise to a strong emotion, we find no error in this case.

4. Defendant asserts trial counsel rendered ineffective assistance because he failed to find and present witnesses on his behalf, did not meet with defendant until after he was indicted, and spent less than one hour meeting with defendant prior to trial. In order to prevail upon a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), defendant "must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance." (Citations and punctuation omitted.) *Hill v. State*, 284 Ga. 521, 522 (2) (668 SE2d 673) (2008).

At the motion for new trial hearing, trial counsel testified that he received and reviewed discovery material provided by the district attorney and viewed the crime scenes; that his investigator interviewed witnesses who gave statements to police; that he met with defendant approximately six times in the months before trial; and that he ascertained that family members were willing to be alibi witnesses for defendant, but he elected not to have them testify because defendant acknowledged he was at the crime scenes. In light of trial counsel's testimony, which the trial court credited, it cannot be said that trial counsel's performance was deficient. See *King v. State*, 282 Ga. 505, 506 (2) (651 SE2d 711) (2007) (trial court's

---

[2] The photograph of the victim alone was also identified by the victim's wife. The two photographs were tendered and admitted simultaneously.

findings of fact are accepted on appeal unless clearly erroneous). See also *Phillips v. State*, 285 Ga. 213, 218-219 (5) (675 SE2d 1) (2009) (matters of reasonable trial strategy and tactics do not constitute ineffective assistance).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 17, 2010.

*Jonathan P. Waters*, for appellant.

*Howard Z. Simms, District Attorney, Nancy S. Malcor, Dorothy V. Hull, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Amy H. Morelli, Assistant Attorney General*, for appellee.