## S11A1479. JOHNSON v. THE STATE.
(721 SE2d 851)

HINES, Justice.

Malcolm Taurean Johnson appeals his convictions for malice murder, aggravated assault, and possession of a firearm or knife during the commission of a felony in connection with the fatal shooting of Dedric Dequan Thomason and the wounding of Roscoe Gordon. His sole challenge is that his trial counsel rendered ineffective assistance. For the reasons that follow, we find the challenge to be without merit, and we affirm.[1]

The evidence construed in favor of the verdicts showed the following. On January 30, 2008, Johnson asked Gordon to meet him at an apartment complex in Gwinnett County to buy marijuana. Gordon drove from his home in South Carolina with his friend Thomason. When Gordon arrived, Johnson and Wilson got into the back seat of the car.

Johnson shot Thomason, who was in the front passenger seat,

---

[1] The crimes occurred on January 30, 2008. On June 4, 2008, a Gwinnett County grand jury indicted Johnson along with Dalva Ray Wilson and Rosby Eugene Cobb for Count 1 – the malice murder of Thomason; Count 2 – the felony murder of Thomason while in the commission of aggravated assault; Count 3 – the aggravated assault of Gordon; and Count 4 – the aggravated assault of Thomason. Johnson and Wilson were also indicted for Count 5 – possession of a firearm or knife during the commission of a felony. Johnson was tried alone before a jury December 7-10, 2009, and was found guilty of all five counts. He was sentenced to life in prison on Count 1, 20 years in prison on Count 3 to be served consecutively to the sentence on Count 1, and five years in prison on Count 5 to be served consecutively to the sentences on Counts 1 and 3. Count 2 stood vacated by operation of law, and Count 4 merged for the purpose of sentencing. A motion for new trial was filed on December 30, 2009, and amended motions for new trial were filed on January 14, 2010 and August 17, 2010. The motion for new trial, as amended, was denied on April 20, 2011. A notice of appeal was filed on May 16, 2011, the case was docketed in the September 2011 term of this Court, and the appeal was submitted for decision on the briefs.

once in the back and once in the back of the head. Johnson then shot Gordon, the driver, with one bullet going through one of Gordon's hands and hitting his face, and another striking the back of Gordon's head. Johnson grabbed the marijuana and fled. Gordon, who was bleeding profusely, left the car to search for help. He went to a nearby apartment, and the authorities were called.

Thomason was dead at the scene. His body was upright and facing forward in the passenger seat. There was no weapon in view, although authorities later found a handgun in Thomason's interior coat pocket. Officers also found a box containing marijuana. At the hospital, detectives interviewed Gordon. Gordon knew Johnson by the name "Low." Gordon told the officers that Low had fired the shots and that Low's telephone number was in his cell phone. Officers found the cell phone at the crime scene and traced the number to Johnson's residence. Presented with a six-person photographic lineup, Gordon identified Johnson as the shooter. Police later recovered a silver revolver from Johnson's possession. Ballistics testing determined that the bullets recovered from the center console of the car as well as those from Thomason's body were fired from that weapon.

A friend of Johnson's, Lebaron Todd, testified that before the murder, Johnson stated that he was going to "jack some South Carolina guy up for some weed; they got some good weed." After the murder, Johnson told Todd that "one dude in the passenger seat tried to reach for something," so Johnson pulled his pistol and shot him in the back of the head. Todd also identified the silver revolver as belonging to Johnson.

1. The evidence was sufficient to enable a rational trier of fact to find Johnson guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Johnson contends that his trial counsel was ineffective in several respects. However, in order to prevail on such a claim of the ineffective assistance of counsel pursuant to *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), a criminal defendant must demonstrate that his counsel's performance was deficient and that, but for such deficiency, there is a reasonable probability that the outcome of the proceeding would have been different; on appeal, this Court is to accept the trial court's factual findings and credibility determinations unless they are clearly erroneous, but it is to independently apply the legal principles to the facts. *Handley v. State*, 289 Ga. 786, 787 (2) (716 SE2d 176) (2011).

(a) Johnson contends that his counsel was ineffective because even though his defense at trial was self-defense/justification, his attorney erroneously advised him not to testify because the State

could bring up his past history and arrests, and Johnson decided not to testify based on this incorrect advice. Thus, he argues that his decision not to testify was not made knowingly and intelligently, and that because he did not testify that he believed that his life was in danger, the defense failed to present sufficient evidence to warrant a jury charge on justification. Johnson further urges that inasmuch as his trial attorney was not asked at the hearing on the motion for new trial as amended about what she told him in regard to what evidence the State could use to impeach him, Johnson's testimony is uncontroverted, and therefore must be accepted. However, Johnson's arguments are unavailing.

First, the burden was Johnson's, and not the State's, to show that his counsel's performance was deficient, and he chose not to question his trial counsel about what she allegedly told him in regard to what evidence the State could use to impeach him. *Morgan v. State*, 275 Ga. 222, 227 (564 SE2d 192) (2002); see also *Peterson v. State*, 282 Ga. 286, 291 (3) (c) (647 SE2d 592) (2007). Furthermore, a trial court is not required to credit testimony merely because it is unrebutted. *Jones v. Leverette*, 230 Ga. 310, 311 (196 SE2d 885) (1973). That is so because as the factfinder in such proceeding, witness credibility is a matter for the court. *Haynes v. State*, 287 Ga. 202, 203 (1) (695 SE2d 219) (2010). What is more, at the hearing, Johnson admitted that the trial attorney had represented him in prior cases, and that he and the attorney discussed whether he should testify after taking into account evidence of a domestic disturbance involving Johnson. At trial, the attorney stipulated to the location of Johnson's pistol in order to prevent the introduction of evidence that could have presented Johnson badly to the jury, namely that the pistol was found after the murder, when police responded to a domestic disturbance at Johnson's residence in which Johnson was threatening to shoot his family with the pistol.

At trial, Johnson told the trial court that it was his personal choice not to testify. Nothing in the record, except Johnson's post-trial statements, supports Johnson's claim that allegedly inaccurate advice was the reason he chose not to testify. Johnson acknowledged that the attorney told him he would cause more damage to himself if he testified, and that he trusted her with this reason not to testify. Even assuming arguendo that the attorney did advise Johnson that he could be impeached by certain evidence of prior arrests and/or misdemeanor convictions, and that such advice was incorrect, Johnson has not shown that he was prejudiced thereby. *Turpin v. Curtis*, 278 Ga. 698, 700 (606 SE2d 244) (2004). The trial strategy was to assert possible misidentification as well as self-defense, and to raise the issue of justification, without subjecting Johnson to damaging cross-examination, by highlighting the fact

that the victims were armed.

(b) Johnson next contends that counsel failed to adequately question and impeach State's witness Todd because counsel failed to ask Todd why he was brought into the courtroom in handcuffs, nor did she question him about the felony sentence he was then serving, introduce certified copies of his felony drug convictions to try to impeach his credibility, or question whether he may have been seeking curtailment of his probation based on his cooperation.

However, the evidence is that the attorney did not question Todd about potential deals, favorable treatment, or why he was hand-cuffed because Todd was arrested on a material witness warrant, and had no pending cases about which to make a deal. Moreover, Johnson cannot show prejudice because the State had already elicited from Todd information about his 2007 drug convictions, and that he was jailed the preceding day for failing to appear to testify in this case. *Brown v. State*, 288 Ga. 902, 910 (3) (a) (708 SE2d 294) (2011). Additionally, defense counsel did not want to elicit any further testimony from Todd about the 2007 convictions because of the potential to reveal that Johnson was involved with Todd in the previous drug case.

(c) Johnson next complains that trial counsel failed to adequately question and impeach State's witness Gordon because she did not obtain certified convictions with which to impeach his credibility and because she failed to question him about plea deals, although he admitted he was in this case attempting to sell mari-juana.

The attorney checked Gordon's background and learned of his prior conviction for family violence battery involving marijuana, but she was not able to timely obtain a certified copy of the conviction. And, the State objected that such misdemeanor conviction could not be used for the purpose of impeachment. Even so, on cross-examination the attorney was able to elicit from Gordon that he had marijuana and drug paraphernalia in his car and had smoked the drug the day of the crimes; however, Gordon was not charged with any crime in this case, and Johnson presents no evidence suggesting that prosecution of Gordon was not pursued as the result of any deal with the State. Inasmuch as there were no plea deals or immunity involving this case in exchange for Gordon's testimony, trial counsel had no need to ask him about deals or immunity. Johnson has failed to satisfy his burden under *Strickland* regarding this claim.

(d) Finally, Johnson maintains that the result of his trial would have been different with adequate counsel, citing as the basis of inadequacy the heretofore alleged deficiencies by counsel. But, as already discussed, Johnson has failed to demonstrate the cited actions by trial counsel amounted to professional deficiencies. Even

assuming that the first prong of *Strickland* was satisfied, Johnson has not shown prejudice. Speculation is insufficient to establish prejudice under *Strickland*. *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 616 (458 SE2d 623) (1995). Indeed, Johnson never said what his testimony would have been had he testified at trial, and the physical evidence did not corroborate the assertion that Johnson fired in self-defense in that only one handgun was found at the scene and it was inside Thomason's interior pocket. Furthermore, at the motion-for-new-trial hearing, Johnson did not introduce any copies of prior convictions of Todd or Gordon, or show any type of favorable treatment received by them for their testimony. Simply, the burden under *Strickland v. Washington* has not been satisfied. See, e.g., *Turpin v. Curtis*, 278 Ga. 698, 700 (606 SE2d 244) (2004).

*Judgments affirmed. All the Justices concur.*

DECIDED JANUARY 23, 2012.

*Robert Greenwald*, for appellant.

*Daniel J. Porter, District Attorney, Carole Cox, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.