**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

July 13, 2012

# In the Court of Appeals of Georgia

A12A0130. SLAN v. THE STATE.

PHIPPS, Presiding Judge.

Michael Slan was found guilty of robbery and simple battery. He was found not guilty of two counts of aggravated assault, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. On appeal, Slan contends that the evidence was insufficient to support the convictions and that his trial counsel was ineffective. For the following reasons, we affirm.

1. In resolving Slan's challenge to the sufficiency of the evidence, "we construe the evidence in the light most favorable to the verdict to determine whether it was sufficient to authorize a rational trier of fact to find [Slan] guilty . . . beyond a

reasonable doubt."[1] "Weighing the evidence and determining witness credibility are beyond the purview of this Court."[2]

Viewed in this light, the evidence showed that on the night of January 15, 2010, Slan and Thomas Derocher went to the residence of Deanna Willis. When they arrived, Slan sat on a couch and Derocher walked into the kitchen. Willis's dog jumped on Slan, who pushed the dog off, stood up from the couch, and grabbed a jar of marijuana that was on a table. Willis then grabbed the marijuana from Slan. Slan pushed Willis down and grabbed the marijuana from her. Willis again grabbed the marijuana from Slan, who walked over to Willis's "Xbox" and began to pull out cords.

Willis tried to stop Slan from pulling the cords out of the Xbox, but Slan kept pushing her down. Willis testified that eventually Slan "grabbed me by my throat, put me against this wall, held me there for a second, and threw me down by my arm and my neck onto this table (indicating) and held me there." Willis "was screaming for Tom," but he did not come. Willis testified that Slan "just held me there. And then

---

[1] *Morgan v. State*, 277 Ga. App. 670, 671-672 (1) (627 SE2d 413) (2006) (footnote omitted).

[2] *Best v. State*, 279 Ga. App. 309 (1) (630 SE2d 900) (2006).

from there, he just went back to the Xbox and I ran and got a knife," from the kitchen. Slan ran out of Willis's house, taking her Xbox and the marijuana.

Slan argues that the state's main witnesses were not credible because two of them dealt drugs, used drugs, had short-term memory loss, and admittedly lied to the police; and a third witness accepted a plea deal to testify against Slan. But "the credibility of the witnesses . . . were matters for the jury."[3] "[T]he testimony of a sole eyewitness is sufficient to support a conviction."[4] We will uphold a jury's verdict "as long as there is some competent evidence, even though contradicted, to support each fact necessary for the state's case."[5]

Slan argues also that the evidence was insufficient to support his convictions because the police testified that he did not resist arrest, he did not have a gun on his person, the property taken was not found at either his residence or Derocher's residence, and the jacket he allegedly wore the night of the incident was not tested for

[3] *Brown v. State*, 281 Ga. App. 463, 464 (636 SE2d 177) (2006) (punctuation and footnote omitted).

[4] *Scott v. State*, 288 Ga. App. 738, 739 (1) (a) (655 SE2d 326) (2007) (footnote omitted).

[5] *Oliver v. State*, 273 Ga. App. 754, 755 (1) (615 SE2d 846) (2005) (footnote omitted).

3

gun residue. But none of these facts was necessary to support Slan's conviction for robbery or simple battery.[6] The evidence was sufficient for the jury to find Slan guilty of robbery beyond a reasonable doubt.[7] The evidence was also sufficient for the jury to find Slan guilty of simple battery beyond a reasonable doubt.[8]

2. Slan contends that his trial counsel was ineffective in several respects.

In order to prevail on such a claim of the ineffective assistance of counsel pursuant to *Strickland v. Washington*,[9] a criminal defendant must demonstrate that his counsel's performance was deficient and that, but for such deficiency, there is a reasonable probability that the outcome of the proceeding would have been different; on appeal, this Court is to accept the the trial court's factual findings and credibility

---

[6] See OCGA § 16-8-40; *Bills v. State*, 283 Ga. App. 660-662 (1) (a) (642 SE2d 352) (2007) (robbery conviction affirmed where on appeal defendant claimed evidence was insufficient because the property taken was not found in his possession and the only evidence linking him to the crimes was the victim's identification testimony); *Brown*, supra; *Scott*, supra.

[7] *Bills*, supra; *McDonald v. State*, 256 Ga. App. 369-370 (568 SE2d 588) (2002); see *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[8] *Brigman v. State*, 282 Ga. App. 481, 484 (1) (639 SE2d 359) (2006) (evidence sufficient to support simple battery conviction where defendant pushed victim forcibly with his fingers as she tried to stand).

[9] 466 U. S. 668 (104 SC 2052, 80 LE2d 674)(1984).

determinations unless they are clearly erroneous, but is to independently apply the legal principles to the facts.[10]

(a) Slan contends that his counsel was ineffective because he failed to file a motion to suppress clothing he wore when he was arrested. "Failure to file a motion to suppress is not ineffective assistance of counsel per se, and [Slan] must make a strong showing that the evidence would have been suppressed had his trial counsel filed a motion."[11]

After jury selection on the first day of trial, the prosecutor stated to the court that before trial, she had asked defense counsel whether he would agree to release from Slan's "bin" clothing "from whenever Mr. Slan was arrested." Trial counsel stated to the court that he had discussed the issue with Slan, who decided that the state "should go through the warrant procedure rather than to voluntarily give up his personal property. . . ." The prosecutor stated that just that day her office had obtained a search warrant for the items of clothing. Trial counsel reserved the right to object to the evidence if it was introduced at trial.

---

[10] *Johnson v. State*, 290 Ga. 382, 283 (2) (721 SE2d 851) (2012) (citation omitted).

[11] *Patterson v. State*, 259 Ga. App. 630, 633 (4) (577 SE2d 850) (2003) (citation and punctuation omitted).

At the motion for new trial hearing, trial counsel testified that he had "wanted those clothes in." Counsel stated that while "half of this case was the robbery . . . [t]he other half of the case was actually – ended up, in my mind at that time, was equally, if not more important, was the Aggravated Assault by a convicted felon with a firearm. Shooting a gun at these three or four guys over at the Co-Defendant's mother's house." Evidently, counsel believed that there would be no gun residue on the clothes because he stated that he "was going to use that as a strategy that there was no such residue." No gun was recovered in this case.

Accordingly, it is clear that trial counsel's decision not to move to suppress evidence of the clothing was a reasonable and strategic one. "Such a strategic choice, made after thoughtful consideration, cannot support a claim of ineffective assistance of counsel."[12] "The decision of whether to file a motion to suppress is a matter of professional judgment, and we will not judge counsel's trial strategy in hindsight."[13]

(b) Slan contends that his trial counsel was ineffective because he failed to adequately investigate Willis's background.

---

[12] *Smith v. State*, 269 Ga. App. 133, 143 (4) (d) (603 SE2d 445) (2004) (citation omitted).

[13] *Hardy v. State*, 301 Ga. App. 115, 116-117 (3) (686 SE2d 789) (2009) (citation and punctuation omitted).

6

On direct examination, Willis testified that she smoked marijuana. On cross-examination, defense counsel questioned Willis about statements she had made to a detective after he arrived at the crime scene.

Q.  In fact, didn't [the detective] have a theory that this was a drug deal went bad?

A.  That was his theory. Yes, sir.

Q.  And you wanted to dissuade him of that theory?

A.  I wasn't selling drugs, so yeah. Yes, sir.

Q.  But you wanted to dissuade him that you had anything to do with drugs?

A.  Yes, sir.

Q.  You made statements such as look in my eyes. I don't use drugs. I don't allow drugs in my house, things like that, didn't you?

A.  I'm pretty sure I was pretty persistent, yes, sir. I didn't want to get in trouble.

Q.  Well, you had stated that you had been in trouble to him on a recorded statement. What kind of trouble was that?

A.  Whenever I was eighteen I was pulled over and I got arrested for possession.

7

Q. Of . . .

A. Of a bowl.

Q. Less than an ounce?

A. Yes sir.

After this testimony had been admitted, later in the trial, the prosecutor argued to the court that although she had not objected to its admission when it was entered, the testimony was improperly solicited by defense counsel because he did not have a good faith basis to ask the questions nor did he have a certified conviction, and that in any event, counsel should not have impeached Willis with her prior drug arrest because the crime was a misdemeanor. The prosecutor made a motion in limine to prohibit counsel from further cross-examining witnesses about prior arrests or convictions if he did not possess a certified conviction or a good faith basis to ask such questions. The trial court overruled the objection. The court ruled that the testimony was not improper because of Willis's statement to the detective that she did not use marijuana and that "[i]f nothing else, the res gestae of the event itself is a basis for cross-examination as to virtually all aspects of that, not only that witness but any other witness that was there during the event."

At the motion for new trial hearing, trial counsel testified that he had reviewed audiotapes of an interview Willis had with a detective. During the interview, Willis was reportedly asked "Do you still use . . . dope?" Willis reportedly replied "No. I don't. . . . I gave it up because I had a misdemeanor conviction." Trial counsel testified that he conducted cross-examination of Willis with regard to her misdemeanor conviction, to show she was a liar. Because Slan has failed to show that his trial counsel inadequately investigated Willis's background or that further investigation would have yielded beneficial evidence, he has failed to carry his burden of showing prejudice from his counsel's allegedly deficient performance.[14]

(c) Slan contends that he received ineffective assistance because trial counsel did not object to testimony that he may have fired a weapon on the night of the charged incidents.

At trial, a witness testified that he believed that Slan had shot a gun on the night in question. When asked at the motion for new trial hearing why he did not object to the witness's testimony, trial counsel testified that the witness, "on cross examination and on his direct examination, . . . actually helped us in a whole lot of the case. I didn't want to bring more attention to this than absolutely necessary. This

---

[14] See *Banks v. State*, 250 Ga. App. 728, 729-730 (2) (555 SE2d 903) (2001).

is a pure strategy point of view." During cross-examination, trial counsel had elicited testimony from the witness that although on the night of the incident he thought he saw somebody shoot a gun, at trial he could not remember whether he had seen anybody shoot a gun that night; he did not see the face of the individual whom he thought was the shooter; he could not determine what, if anything, was in the individual's hands; and simply did not "see enough to identify" the individual he saw running away after shots were fired.

"As a general rule, matters of reasonable trial tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel. A reviewing court evaluates trial counsel's performance from counsel's perspective at the time of trial."[15] "An attorney's failure to object to such testimony may be seen as trial strategy, i.e., avoiding an objection that would draw the jury's attention to the statement."[16] "Since [Slan] did not carry his burden of establishing that trial counsel's

---

[15] See *Sillah v. State*, 291 Ga. App. 848, 852 (3) (663 SE2d 274) (2008) (punctuation and footnote omitted).

[16] *Rivers v. State*, 271 Ga. 115, 118 (2) (b) (516 SE2d 525) (1999) (citation omitted).

10

action fell without the wide range of reasonable professional assistance, we see no error in the trial court's determination that trial counsel was not ineffective."[17]

(d) Slan contends that his trial counsel's lack of trial strategy is evidenced by trial counsel's failure to move to bifurcate the possession of a firearm by a convicted felon charge from the rest of the charges.

At the motion for new trial hearing, trial counsel testified that Slan agreed with his strategy not to have a bifurcated trial. Counsel testified that Slan insisted on testifying and that they were prepared for Slan to testify and "say he never had a gun."[18] Counsel testified that "the only indicia of there having been a weapon was a .22 caliber casing that was green with corrosion. That certainly had not been fired that

---

[17] Id.

[18] OCGA § 24-9-84.1 (a) (2) pertinently provides that, for the purpose of attacking the credibility of a defendant if the defendant testifies, "[e]vidence that the defendant has been convicted of a crime shall be admitted if the crime was punishable by death or imprisonment of one year or more under the law under which the defendant was convicted if the court determines that the probative value of admitting the evidence substantially outweighs its prejudicial effect to the defendant"; OCGA § 24-9-84.1 (a) (3) pertinently provides that, for the purpose of attacking the credibility of a defendant if the defendant testifies, "[e]vidence that . . . the defendant has been convicted of a crime shall be admitted if it involved dishonesty or making a false statement," and under this subsection, evidence of the prior crime is admissible without regard to the balancing test set forth in subsection (a) (2); see *Childs v. State*, 287 Ga. 488, 490 (3) n. 2 (696 SE2d 670) (2010).

11

night." Counsel testified that there was a "total lack of evidence" showing that Slan had fired a gun that night. Defense counsel and Slan were very concerned about the aggravated assault charges.

"Trial counsel's decision not to move for a bifurcated trial was . . . the result of his choice of trial tactics based on his conversations with [Slan]. . . ."[19]

(e) Slan contends that he received ineffective assistance because trial counsel failed to adequately argue the motion for directed verdict. "Because we [held] in Division 1[20] that the evidence satisfie[d] the requirements of *Jackson v. Virginia*,[21] this ground is insufficient as a matter of law."[22]

(f) Slan contends that he received ineffective assistance because trial counsel allowed him to testify at trial despite his prior convictions.

But the unrebutted testimony at the motion for new trial hearing showed that Slan had "insisted he was going to get on the stand." "The decision whether or not to

---

[19] *Harris v. State*, 234 Ga. App. 126, 129 (3) (505 SE2d 49) (1998) (citation omitted)

[20] Supra.

[21] Supra.

[22] *Wright v. State*, 211 Ga. App. 474, 478 (5) (440 SE2d 27) (1993)

12

testify is a tactical one made by the defendant himself after consultation with counsel. The choice of whether to testify is ultimately a defendant's. We will not second-guess tactical decisions made at trial," in this regard.[23]

(g) Slan contends that he received ineffective assistance because trial counsel did not perfect the record regarding the potential for the jury to see a "security device" on his leg if he took the witness stand to testify.

The trial transcript showed that trial counsel raised the issue before the trial court, the trial court examined Slan before he testified, and the court found that the device was not visible. The court instructed that photographs be taken of Slan's legs, and they were admitted as court exhibits. We note that no leg security device is visible from the photographs. Furthermore, at the motion for new trial hearing, trial counsel testified that Slan testified at trial from behind a podium and that counsel brought over to Slan exhibits about which Slan testified. Accordingly, Slan has failed to establish that trial counsel's performance was deficient.[24]

---

[23] *Nichols v. State*, 288 Ga. App. 118, 125 (3) (g) (653 SE2d 300) (2007) (punctuation and footnotes omitted).

[24] See *Strickland v. Washington*, supra.

13

(h) Finally, Slan contends that he received ineffective assistance because trial counsel "did not make a record that all jurors be present during a discussion as to whether the court should go into the jury room" to respond to a question from the jury; did not request that the court instruct the jury to "remember the evidence collectively[,] not appearing to give additional weight to specific evidence or to open up the evidence again"; did not make a motion for the court to discuss "any jury foreman question with counsel and Appellant"; and did not object when the trial court read an "Allen" charge to the jury. These allegations of ineffective assistance are deemed abandoned because they are not supported by argument or by citations to authority as required by our Rule 25 (c) (2).[25]

Concerning all of the instances in which Slan contends his trial counsel was ineffective, "since [Slan] did not carry his burden of establishing that trial counsel's action fell without the wide range of reasonable professional assistance, we see no error in the trial court's determination that trial counsel was not ineffective. Inasmuch

[25] See *Sevostiyanova v. State*, 313 Ga. App. 729, 737-738 (11) (e) (722 SE2d 333) (2012); *Gaither v. State*, 312 Ga. App. 53, 60 (12) (717 SE2d 654) (2011) (defendant's failure to make argument with respect to his contention that the trial court erred in refusing to charge on battery was deemed abandoned because defendant failed to make argument with respect to his contention, pursuant to Court of Appeals Rule 25 (c) (2)).

as [Slan] failed to establish that any aspect of trial counsel's performance was deficient and that the deficiency was prejudicial, the trial court did not err in concluding that [Slan] was not deprived of the effective assistance of counsel at trial."[26]

Even if counsel's performance were deficient in any of the respects alleged by Slan, he has "failed altogether to show prejudice and, therefore, has not established [his] claim of ineffective assistance."[27] "Simply, the burden under *Strickland v. Washington*[28] has not been satisfied."[29]

*Judgment affirmed. Ellington, C. J., and Dillard, J., concur.*

---

[26] *Rivers*, supra.

[27] *Sevostiyanova*, supra (footnote omitted).

[28] Supra.

[29] See *Johnson*, supra at 386 (d); *Schofield v. Holsey*, 281 Ga. 809, 812 (II), n. 1 (642 SE2d 56) (2007).