A09A2271. DAWSON v. THE STATE.

(691 SE2d 886)

BERNES, Judge.

After being granted an out-of-time appeal, William Dawson challenges the trial court's denial of his motion to withdraw his guilty plea on two counts of aggravated assault, two counts of false imprisonment, and one count of terroristic threats. He argues that his post-conviction counsel was ineffective for failing to raise the issue of trial counsel's ineffectiveness and asks us to remand his case to the trial court for consideration of that issue. Because Dawson's claim is barred by his failure to file a motion to withdraw his guilty plea in the trial court following the grant of the out-of-time appeal, it cannot be considered.

The record shows that on May 14, 2004, Dawson pled guilty with the assistance of counsel to the above-stated charges, which stemmed from a domestic dispute with his former girlfriend and her friend. Dawson, represented by post-conviction counsel, timely filed a motion to withdraw the guilty plea, arguing that his plea was neither intelligently nor voluntarily entered. The motion did not raise an ineffective assistance of counsel claim. Following a hearing, the trial court denied Dawson's motion.

After the time for filing a direct appeal from the trial court's denial of the motion to withdraw his guilty plea had passed, Dawson filed a pro se motion for an out-of-time appeal. The trial court denied the motion, but this Court reversed the denial after concluding that Dawson's right to a direct appeal had indeed been frustrated because the trial court had not informed him of that right. Dawson was appointed a third attorney, who then filed a notice of appeal in this Court; a second motion to withdraw the guilty plea was not pursued. Dawson now asserts for the first time that his trial counsel rendered ineffective assistance and asks that we remand the case to the trial court for a determination of whether post-conviction counsel rendered ineffective assistance by failing to raise the issue of trial

counsel's ineffectiveness in the motion to withdraw guilty plea.[1]

Generally, a claim of ineffectiveness must be asserted at the earliest practicable moment and, when it is not, the claim is waived and thus procedurally barred. See, e.g., *Ruiz v. State*, 286 Ga. 146, 148-149 (2) (a), (b) (686 SE2d 253) (2009); *Garland v. State*, 283 Ga. 201, 202 (657 SE2d 842) (2008); *Simmons v. State*, 281 Ga. 437, 438 (2) (637 SE2d 709) (2006); *Glover v. State*, 266 Ga. 183, 183-184 (2) (465 SE2d 659) (1996). And the grant of an out-of-time appeal "should be seen as permission to pursue the post-conviction remedies which would be available at the same time as a direct appeal and constitutes permission to pursue appropriate post-conviction remedies." (Citation and punctuation omitted.) *Maxwell v. State*, 262 Ga. 541, 542 (3) (422 SE2d 543) (1992). See *Ponder v. State*, 260 Ga. 840, 840-841 (1) (400 SE2d 922) (1991). Applying both of the above-stated principles to a claim of ineffective assistance of counsel asserted for the first time after the grant of an out-of-time appeal, our Supreme Court has held that the claim is procedurally barred unless the defendant's appellate counsel files a motion in the trial court raising the ineffectiveness claim after the out-of-time appeal has been granted. See generally *Chatman v. State*, 265 Ga. 177, 178 (2) (453 SE2d 694) (1995) ("A claim of ineffective assistance of trial counsel may not be asserted in an out-of-time appeal unless the defendant's new appellate counsel files a motion for new trial after the grant of the out-of-time appeal and raises the ineffectiveness claim.") (citation and punctuation omitted); *Maxwell*, 262 Ga. at 542 (3); *Ponder*, 260 Ga. at 840 (1). This is true regardless of whether, in this case, a motion to withdraw a guilty plea had previously been denied by the trial court prior to the grant of the out-of-time appeal. See *Maddox v. State*, 278 Ga. 823, 827 (5) (607 SE2d 587) (2005); *Maxwell*, 262 Ga. at 542-543 (3); *Ponder*, 260 Ga. at 840 (1); *Clay v. State*, 232 Ga. App. 541, 542 (2) (502 SE2d 267) (1998); *Wordu v. State*, 216 Ga. App. 552, 553-554 (2) (455 SE2d 101) (1995). Cf. *Andrews v. State*, 278 Ga. 854 (607 SE2d 543) (2005). Although the cases cited above involved motions for new trial as opposed to motions to withdraw a guilty plea, we can discern no reasonable basis on which to distinguish the two procedural postures in light of the underlying principles.

In accordance with this case law, Dawson was required to assert

---

[1] After the briefs had been filed in this case, the Supreme Court rendered two separate opinions, issued on the same day, that address the circumstances under which an appellate court may consider a claim asserting that appellate counsel was ineffective because he or she failed to raise a claim that trial counsel rendered ineffective assistance of counsel. See *Wilson v. State*, 286 Ga. 141, 144-145 (4) (686 SE2d 104) (2009), and *Ruiz v. State*, 286 Ga. 146, 148-150 (2) (b) (686 SE2d 253) (2009).

his claim of ineffective assistance of post-conviction counsel at the earliest opportunity, and was further required to file a second motion to withdraw the guilty plea after being granted an out-of-time appeal. Because his current appellate counsel was appointed after the grant of the out-of-time appeal but prior to the filing of the notice of appeal, the earliest opportunity in which Dawson could have raised a claim of ineffective assistance of post-conviction counsel would have been in a second motion to withdraw the guilty plea. Thus, under the dictates set forth by our Supreme Court, Dawson's claim is barred and may only be addressed in a habeas corpus proceeding. Cf. *Wilson v. State*, 286 Ga. 141, 144-145 (4) (686 SE2d 104) (2009).

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED MARCH 16, 2010.

*Gerard Kleinrock*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Daniel J. Quinn, Assistant District Attorney*, for appellee.