**SECOND DIVISION**
**BARNES, P. J.,**
**MCFADDEN and MCMILLIAN , JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**January 31, 2013**

# In the Court of Appeals of Georgia

A12A2183. BIGGS v. THE STATE.

MCFADDEN, Judge.

Pursuant to the grant of an out-of-time appeal, Joey Biggs appeals from the denial of his motion to withdraw a guilty plea. Biggs claims that his post-conviction counsel was ineffective at the hearing on the motion to withdraw.

But he never raised that claim in the trial court. A claim of ineffectiveness must be raised at the earliest practical moment. And because Biggs was represented by his present counsel when the out-of-time appeal was granted, he was required to file a second motion to withdraw his guilty plea in order to raise that claim at the earliest practical moment. Because he did not do so, the claim is barred; and we must affirm.

The record shows that on June 23, 2008, Biggs, with the assistance of counsel, pled guilty to the offenses of aggravated assault, possession of a knife during the

commission of a crime, false imprisonment, battery and obstruction of an emergency telephone call. Biggs filed a timely motion to withdraw his guilty plea. Following a hearing, at which Biggs was represented by new post-conviction counsel, the trial court denied the motion to withdraw. Several days after the time for filing a direct appeal from that denial had passed, a third attorney was appointed to represent Biggs. That attorney, current appellate counsel, filed a motion for an out-of-time appeal, which the trial court granted. Current appellate counsel did not then file a motion challenging the effectiveness of Biggs' first post-conviction counsel, and instead immediately filed a notice of appeal to this court.

On appeal, Biggs claims for the first time that his first post-conviction counsel rendered ineffective assistance at the motion to withdraw hearing and requests that we remand the case to the trial court for a new hearing on his motion to withdraw. However, as fully explained in the similar case of *Dawson v. State*, 302 Ga. App. 842 (691 SE2d 886) (2010), this ineffective assistance claim is procedurally barred because Biggs, who had the opportunity to raise it in the trial court, failed to do so.

> Generally, a claim of ineffectiveness must be asserted at the earliest practicable moment and, when it is not, the claim is waived and thus procedurally barred. And the grant of an out-of-time appeal should be seen as permission to pursue the post-conviction remedies which would be available at the same time as a direct appeal and constitutes

2

permission to pursue appropriate post-conviction remedies. Applying both of the above-stated principles to a claim of ineffective assistance of counsel asserted for the first time after the grant of an out-of-time appeal, our Supreme Court has held that the claim is procedurally barred unless the defendant's appellate counsel files a motion in the trial court raising the ineffectiveness claim after the out-of-time appeal has been granted. This is true regardless of whether, in this case, a motion to withdraw a guilty plea had previously been denied by the trial court prior to the grant of the out-of-time appeal. . . . In accordance with [the] case law, [Biggs] was required to assert his claim of ineffective assistance of post-conviction counsel at the earliest opportunity, and was further required to file a second motion to withdraw the guilty plea after being granted an out-of-time appeal. Because his current appellate counsel was appointed [before] the grant of the out-of-time appeal [and] prior to the filing of the notice of appeal, the earliest opportunity in which [Biggs] could have raised a claim of ineffective assistance of post-conviction counsel would have been in a second motion to withdraw the guilty plea. Thus, under the dictates set forth by our Supreme Court, [Biggs'] claim is barred and may only be addressed in a habeas corpus proceeding.

(Citations and punctuation omitted.) *Dawson*, supra at 843-844.

Accordingly, because the ineffectiveness claim is not properly before us, Biggs has shown no basis for reversing the judgment of the trial court.

*Judgment affirmed. Barnes, P. J., and McMillian, J., concur.*

3