S13A0745. BROWN v. THE STATE.
(748 SE2d 388)

THOMPSON, Chief Justice.

Appellant Benjamin Brown was convicted of felony murder, aggravated assault and possession of a knife during the commission of a felony in connection with the stabbing death of Ron Williams.[1] Appellant's motion for new trial was denied, and he now appeals that decision and his conviction. In his sole enumeration of error appellant contends that his trial counsel was ineffective under the standards set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984). Specifically, appellant claims his trial counsel provided ineffective assistance in that he failed to locate and call a witness allegedly material to appellant's self-defense claim. For the reasons that follow, we affirm.

Viewed in a light most favorable to the verdict, the evidence shows the following. Around 2:30 a.m. on the morning of July 19, 2008, appellant left his job near Underground Atlanta and approached Ron Williams, the victim, to purchase some crack cocaine. Unsatisfied with the drugs he received, appellant demanded his money back. When the victim refused, the two men got into an argument after which appellant left the area. He returned approximately fifteen minutes later and fatally stabbed the victim in the chest. Shortly after the incident, appellant was found nearby and arrested. At the time of his arrest, appellant had two knives in his possession, one of which was covered in the victim's blood. After reading appellant his *Miranda* warnings, the police obtained a statement from him in which he claimed he stabbed the victim in self-defense after the victim hit him and reached for a weapon.

At trial, two State witnesses testified that appellant stabbed the victim several minutes after purchasing crack cocaine from him. Appellant testified that the stabbing was in self-defense and claimed

---

[1] The crimes occurred on July 19, 2008. Appellant was indicted by a Fulton County grand jury on October 14, 2008, on one count each of murder, felony murder, aggravated assault, and possession of a knife during the commission of a felony. The jury returned a verdict on January 15, 2010, finding Brown guilty of felony murder, aggravated assault, and possession of a knife during the commission of a felony. Appellant was sentenced to life imprisonment for felony murder (predicated upon the underlying felony of aggravated assault) and an additional five years for possession of a knife during the commission of a felony to run consecutive to felony murder. The aggravated assault count merged with the felony murder count for sentencing, see *Malcolm v. State*, 263 Ga. 369 (434 SE2d 479) (1993), and the additional five year sentence was suspended. Appellant filed a motion for new trial on February 11, 2010 and an amended motion for new trial on May 17, 2012. Appellant's motion for new trial was heard on September 11, 2012, and was denied on October 4, 2012. Appellant filed a notice of appeal on November 5, 2012. The appeal was docketed to the April 2013 term of this Court and submitted for a decision on the briefs.

that a friend, Antoine Richardson, was with him during the event. However, neither of the State's eyewitnesses testified they saw anyone with appellant, either when he purchased the crack cocaine or when he returned and fatally stabbed the victim. Nor was Richardson offered as a corroborating witness at trial.

1. Having reviewed the record in the light most favorable to the verdict, we conclude that a rational trier of fact could have found appellant guilty beyond a reasonable doubt of the offenses for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Appellant argues his trial counsel was ineffective for failing to locate and subpoena Richardson to testify as a witness on appellant's behalf at trial. In order to prevail on his ineffective assistance of counsel claim under *Strickland*, appellant "must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance." *White v. State*, 283 Ga. 566, 569 (4) (662 SE2d 131) (2008). In reviewing the trial court's decision, this Court accepts the trial court's factual findings and credibility determinations unless they are clearly erroneous, but independently applies the legal principles to the facts. *Johnson v. State*, 290 Ga. 382, 383 (721 SE2d 851) (2012).

In denying appellant's motion for new trial, the trial court found that trial counsel was an experienced defense attorney who met with appellant several times prior to trial and worked with an investigator to locate witnesses who could testify favorably for appellant, finding none. The court further found appellant failed to provide trial counsel with contact information for Richardson until the eve of trial and perhaps only during trial, and that despite such late notice, both counsel and his investigator attempted to utilize this information to locate Richardson to no avail. Given these findings, the trial court held trial counsel's performance was not deficient. *See Freeman v. State*, 278 Ga. 349, 350 (603 SE2d 214) (2004). Moreover, the trial court determined that, even had trial counsel's performance been deficient for failing to locate Richardson or seek a continuance, appellant could not show prejudice given the strength of the evidence against him.

We agree with the trial court. Trial counsel was not deficient for failing to track down a witness whose whereabouts were essentially unknown. See *Harris v. Upton*, 292 Ga. 491, 495 (739 SE2d 300) (2013). In any event, appellant has failed to show he was prejudiced by trial counsel's alleged deficiency. Speculation that Richardson could have given testimony favorable to the defense does not establish prejudice. *Johnson*, supra at 386. Nor is there any merit to

appellant's contention that this Court should presume prejudice since appellant, himself, was unable to locate Richardson to provide testimony at the motion for new trial hearing. Accordingly, we conclude that the trial court did not err by finding that appellant failed to carry his burden of proof with respect to his ineffective assistance of counsel claim.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 9, 2013.

*Charita H. Demps*, for appellant.

*Paul L. Howard, Jr., District Attorney, Lenny I. Krick, Paige Reese Whitaker, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Andrew G. Sims, Assistant Attorney General*, for appellee.