## S13A1107. WHITE v. THE STATE.
### (748 SE2d 888)

MELTON, Justice.

Following a jury trial, Rayshawn White appeals his convictions for murder, felony murder, and possession of a firearm during the commission of a felony, contending that the evidence was insufficient to support the verdict, trial counsel rendered ineffective assistance, and the trial court erred by denying his motion for a mistrial.[1] For the reasons set forth below, we affirm.

1. Viewed in the light most favorable to the verdict, the record shows that, on the morning of October 24, 2009, Marco Adan-Gonzalez and Juan Arnoldo Becerra, who were riding in Adan-Gonzalez's van, followed two African-American males who were walking into the Arbors at Hickory Lake apartment complex. Adan-Gonzalez parked the van and began talking with the taller, skinnier male, who evidence indicates was the defendant, White. According to Becerra, Adan-Gonzalez and White argued over $20 and a potential drug transaction. White had a weapon at his waist, and he used it to shoot Adan-Gonzalez in the head. Becerra then fled the scene. After the shooting, White ran to a nearby apartment, where he told Jayvon McDaniel that he just shot a "Mexican," but he did not mean to do so. A subsequent search of the apartment, which had been abandoned by its occupant, uncovered a box of Winchester .38 caliber ammunition, which was consistent with the bullet that killed Adan-Gonzalez.[2]

Although he was unable to identify White prior to trial, Becerra testified during trial that White looked similar to the person who shot Adan-Gonzalez. Becerra admitted, however, that he had previously stated that all African-Americans looked alike to him. In addition to this evidence, Debra Williams testified that she heard a gunshot at about 8:00 a.m. as she was walking back toward her apartment in the Arbors at Hickory Lake. She continued to the stairwell of her apartment building and sat down. There were some men nearby, and one wearing khaki clothes came over and asked for a cigarette. Another

[1] On January 29, 2010, White was indicted in Cobb County for malice murder, felony murder, and two counts of possession of a firearm during the commission of a felony. Following a jury trial, White was found guilty of all charges, and he was sentenced to life imprisonment for murder with a consecutive five years for one count of possession of a firearm during the commission of a felony. The conviction for felony murder was vacated by operation of law, *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993), and one count of possession of a firearm during the commission of a felony was merged into the other for purposes of sentencing. White's motion for new trial, filed on December 6, 2010 and amended on January 19, 2012, was denied by the trial court on June 13, 2012. White filed a timely notice of appeal. His case was thereafter docketed to the April 2013 term of this Court and submitted for decision on the briefs.

[2] The murder weapon was never discovered.

man in dark clothes walked up. This man seemed upset, and he said he wanted to go home. Williams offered to help them get a ride, and the three of them walked to a nearby laundromat to use the phone. Video cameras at the laundromat recorded the three of them there. At the trial, Williams identified White as looking similar to the man wearing the khaki clothes. McDaniel later confirmed that White was wearing khaki clothing on the day of the murder.

This evidence was sufficient to enable the jurors to find that White was guilty of the crimes for which he was convicted beyond a reasonable doubt. As a result, contrary to White's contention, the trial court did not err by denying his motion for a directed verdict. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. White contends that his trial counsel rendered ineffective assistance by failing to retain an expert in the field of cross-racial eyewitness identification. Specifically, White argues that this testimony would have undermined Becerra's testimony and shed light on his admitted inability to distinguish one African-American from another.

> In order to succeed on his claim of ineffective assistance, [White] must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. *Strickland v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984). If an appellant fails to meet his or her burden of proving either prong of the *Strickland* test, the reviewing court does not have to examine the other prong. Id. at 697 (IV); *Fuller v. State*, 277 Ga. 505 (3) (591 SE2d 782) (2004). In reviewing the trial court's decision, " '[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

*Wright v. State*, 291 Ga. 869, 870 (2) (734 SE2d 876) (2012).

White has failed to show prejudice in this case because he has offered no evidence as to what an expert on cross-racial eyewitness identification would have opined.

> To establish the prejudicial effect of trial counsel's failure to present certain evidence, an appellant is required to make an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of the case. Absent a proffer of what the testimony of his expert would

have been at trial, [White] cannot show that there is a reasonable probability that the outcome of the trial would have been different had his counsel taken the suggested course.

(Punctuation and footnote omitted.) *Smith v. State*, 303 Ga. App. 831, 835 (4) (695 SE2d 86) (2010).

3. White argues that the trial court erred by denying his motion for a mistrial, contending that jurors were afraid of White and his family. The record, however, does not support this contention. "Whether to grant a motion for mistrial is within the trial court's sound discretion, and the trial court's exercise of that discretion will not be disturbed on appeal unless a mistrial is essential to preserve the defendant's right to a fair trial." (Citation and punctuation omitted.) *Childs v. State*, 287 Ga. 488, 492 (4) (696 SE2d 670) (2010). The record indicates that, at one point in the proceedings, the jurors expressed concern for their safety to a bailiff. It is unclear from the transcript what prompted this concern; however, in conjunction with the motion for mistrial, two situations are mentioned. First, the jurors encountered a large group of people outside the courthouse one day when they were going to lunch, and, second, two women began fighting in the courtroom audience at one point. There was no indication that either the people outside or inside the courtroom were related to White in any way. Therefore, White's claim that jurors were afraid of him lacks support, and the trial court did not abuse its discretion in denying White's motion for a mistrial. Id.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 23, 2013.

*Ashleigh B. Merchant*, for appellant.

*D. Victor Reynolds, District Attorney, Amelia G. Pray, Benjamin M. First, Anna G. Cross, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, David A. Bikoff, Assistant Attorney General*, for appellee.