**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**February 20, 2015**

# In the Court of Appeals of Georgia

A14A2321. MORRIS v. THE STATE.

MILLER, Judge.

Following a jury trial, Johnny David Morris was convicted of driving under the influence ("DUI") less safe (OCGA § 40-6-391), driving too fast for conditions (OCGA § 40-6-180), failing to use brake lights (OCGA § 40-8-25), failing to use headlights (OCGA § 40-8-22), and a window tint violation (OCGA § 40-8-73.1). Morris appeals, arguing that the trial court erred by denying his motion for a directed verdict and that he received ineffective assistance from his trial counsel. For the reasons that follow, we affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict. See *Wallace v. State*, 294 Ga. App. 159 (1) (669 SE2d 400) (2008). So viewed, the evidence shows that Officer Randy Greenewold, of the

Forest Park Police Department, was on patrol on the morning of December 15, 2012. At approximately 5:18 a.m., Officer Greenewold observed Morris driving on Old Dixie Highway, traveling 60 to 65 miles per hour in a 40 mile per hour zone and without any lights on.

Upon approaching Morris's car, Officer Greenewold noticed that Morris's eyes were glassy and he smelled of alcohol. Morris told Officer Greenewold that he had drank a six pack of beer three hours earlier. Based on this information, as well as Morris's performance on the horizontal gaze nystagmus test, the walk-and-turn test, and the one-leg-stand test, as well as Morris's positive alcohol breath test, Officer Greenewold arrested him for DUI less safe. Officer Greenewold also measured the car's window tint and determined that it was too dark.

1. Morris argues that the trial court erred in denying his motion for directed verdict, insisting that there was insufficient evidence identifying him as the driver. Morris's argument is without merit, because Officer Greenewold testified that Morris was the driver.

When the State first asked Officer Greenewold if Morris was the driver he arrested that night, Officer Greenewold hesitated and observed that it had been nearly two years since the incident. However, he ultimately responded in the affirmative and,

2

at two points later in the trial, he again confirmed that Morris was the driver he arrested that night.

"[T]he testimony of a single witness is generally sufficient to establish a fact." (Citation omitted.) *Crawford v. State*, 301 Ga. App. 633, 636 (1) (688 SE2d 409) (2009). Given Officer Greenewold's identification of Morris, the evidence was sufficient for the jury to conclude that Morris was the driver. In addition, to the extent Morris challenges the credibility of Officer Greenewold's identification, that is a matter which fell squarely within the province of the jury. See id.

2. Morris argues on appeal, for the first time, that he received ineffective assistance from his trial counsel. However, appellate review of this claim is barred because Morris failed to raise it at the first practicable opportunity.

> Under well established Georgia law, appellant was required to raise any issue of ineffective assistance of trial counsel at the earliest practicable moment to avoid it being deemed waived. This requirement that an ineffectiveness claim be made at the earliest practicable moment is a requisite of a sound system of criminal justice, serving alike the proper ends of defendants and the public. By "earliest practicable moment," we mean that the ineffectiveness claim must be raised before appeal if the opportunity to do so is available.

(Citations and punctuation omitted). *Garland v. State*, 283 Ga. 201, 202 (657 SE2d 842) (2008). In cases where a defendant raises a claim of ineffective assistance of trial counsel for the first time on appeal – rather than through a motion for new trial before the trial court – the issue is procedurally barred. See *Maxwell v. State*, 262 Ga. 541, 543 (3) (422 SE2d 543) (1992) (failure to file motion for new trial raising ineffective assistance of counsel claim in trial court bars review); see also *Dawson v. State*, 302 Ga. App. 842, 843-844 (691 SE2d 886) (2010) (failure to file motion to withdraw guilty plea raising ineffective assistance of counsel claim in trial court bars review).

In this case, the trial court entered Morris's judgment of conviction on March 26, 2014. On April 23, 2014, Morris's appellate attorney filed both an entry of appearance and a notice of appeal. Then, on May 28, 2014, appellate counsel filed a motion for new trial. The trial court dismissed the motion, as amended, because the pending appeal had removed the case from the trial court's jurisdiction.

Morris was required to assert his claim of ineffective assistance of counsel at the earliest opportunity, and was further required to present his claim to the trial court before arguing it on appeal. See *Garland*, supra, 283 Ga. at 202. Where, as here, appellate counsel's representation commences before the notice of appeal is filed, the defendant's first opportunity to raise a claim of ineffective assistance of trial counsel

4

is in a motion for new trial. See *Dawson*, supra, 302 Ga. App. at 844 (where current appellate counsel was appointed prior to the filing of the notice of appeal, defendant's first opportunity to raise a claim of ineffective assistance of earlier counsel would have been in a second motion to withdraw his guilty plea); *Williams v. State*, 257 Ga. App. 589, 590 (3) (571 SE2d 571) (2002) (pro se defendant's failure to file motion for new trial before filing notice of appeal bars review of his ineffective-assistance claim). Morris failed to file such a motion, and instead raised the claim for the first time in his appeal. Under these circumstances, Morris's claim of ineffective assistance of trial counsel is now barred and may only be addressed in a habeas corpus proceeding.

*Judgment affirmed. Doyle, P.J., and Dillard, J., concur.*