**FIRST DIVISION**
**DOYLE, C. J.,**
**ANDREWS, P. J., and RAY, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 8, 2016**

# In the Court of Appeals of Georgia

A16A0602. THE STATE v. BANKS.

ANDREWS, Presiding Judge.

Following a jury trial, the Superior Court of Glynn County entered judgments of conviction against Levi Banks, Jr. on one count of aggravated child molestation (OCGA § 16-6-4 (c)) and one count of child molestation (OCGA § 16-6-4 (a) (1)). Banks obtained new counsel and filed a motion for new trial arguing, inter alia, that he received ineffective assistance of trial counsel. The trial court granted Banks' motion, and the State appeals. See OCGA § 5-7-1 (a) (8). Because we conclude that the trial court erred in concluding Banks received ineffective assistance of trial counsel, we reverse and remand.

Viewed in a light most favorable to the verdict, the evidence revealed that Banks lived with his grandparents Wayne ("Amy") and Olan Daffron and had resided

with them since he was approximately six years old. On Friday, July 27, 2012, Victoria Boatright (Banks' aunt and Olan Daffron's daughter) visited the Daffrons' residence with her daughter, Kelli, and Kelli's four-year-old daughter and three-week-old son. Kelli and her children planned to stay with the Daffrons for the weekend. After dropping off Kelli and her children, Victoria left with plans to return and pick them up the following Sunday afternoon.

That same evening, however, Victoria received a telephone call from Kelli. Kelli was very upset and Victoria could hear Olan Daffron in the background as well. When Victoria arrived, she saw Olan Daffron sitting on the front porch and Kelli and her children standing in the front doorway. Victoria gathered the childrens' belongings and loaded Kelli, the children, and their belongings into her car. As Victoria began to drive away, Kelli's daughter told her that Banks had "licked [her] hiney" and had given her candy. Victoria stopped immediately, got the victim out of the car, and walked up to Olan Daffron. She then asked what Banks had done, and the victim repeated that Banks "licked my hiney and gave me candy." When Victoria asked the victim how the incident occurred, the victim pointed to her private area and moved her shorts and panties to one side. Shocked, Victoria left with the victim and reported the incident to police the next morning. After the incident, Victoria noticed

2

that the victim placed her hands inside her pants and masturbated, telling Victoria that is where Banks licked her. The victim also frequently volunteered to tell others what had happened to her.

After Victoria reported the incident to law enforcement, the victim appeared for a forensic interview and a forensic medical examination. During the forensic interview, the victim stated that Banks licked her on her "hiney," which she identified as her vagina through the use of anatomically correct drawings. At the forensic medical examination, the victim stuck out her tongue, licked the air, and said Banks licked her "where I pee."

At trial, the victim testified that Banks had "licked [her] hiney" under her clothes and had given her candy. The victim further stated the incident occurred in Banks' room while Kelli and the Daffrons were in another room in the house. Furthermore, Banks' cousin testified as a similar transaction witness that, when she was ten years old, Banks fondled her breasts and vagina when the two were playing "hide and go seek." Finally, Banks testified that he gave the victim candy and that he

3

may have patted her buttocks, but denied licking her or otherwise touching the victim inappropriately.[1]

In its sole enumeration of error, the State contends the trial court erred in granting Banks' motion for new trial as amended because Banks was not deprived of the effective assistance of counsel. We agree.

Under Georgia law,

to obtain reversal of a conviction based on a claim of ineffective assistance of counsel, a defendant has the burden of proving that counsel's performance was deficient, and that, but for the deficiency, there was a reasonable probability the outcome of the trial would have been different. To establish deficient performance, a defendant must show that counsel's performance fell below an objective standard of reasonableness under the circumstances confronting counsel at the time without resorting to hindsight. In considering adequacy of performance, trial counsel is strongly presumed to have rendered adequate assistance

---

[1] Banks did not contest by cross-appeal, and we so find that this evidence was sufficient for a rational trier of fact to find him guilty beyond a reasonable doubt of the crimes with which he was charged. See OCGA § 24-14-8 ("The testimony of a single witness is generally sufficient to establish a fact."); *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979). See also OCGA §§ 5-7-1 (b), 5-6-38 (a); *State v. Nickerson*, 324 Ga. App. 576, 581 (2) (749 SE2d 768) (2013) ("to secure appellate review of the superior court's adverse rulings on the other alleged violations . . ., Nickerson was required to file either a cross-appeal to the instant appeal or a separate notice of appeal").

4

and made all significant decisions in the exercise of reasonable professional judgment.

(Citations and punctuation omitted). *Copeland v. State*, 327 Ga. App. 520, 527 (3) (759 SE2d 593) (2014). An attorney's lack of experience, standing alone, is not grounds for a claim of ineffective assistance of counsel. See *Simmons v. State*, 291 Ga. 705, 713 (10) (b) (733 SE2d 280) (2012); *Johnson v. State*, 287 Ga. 767, 769 (2) (700 SE2d 346) (2010); *Stephens v. State*, 265 Ga. 120, 121 (2) (453 SE2d 443) (1995). To the contrary, "a successful ineffectiveness claim must be based upon specific errors made by counsel, rather than upon trial counsel's experience or lack thereof." *Sevostiyanova v. State*, 313 Ga. App. 729, 737 (11) (a) (722 SE2d 333) (2012). If a defendant fails to satisfy either prong of the test for ineffective assistance of counsel, it is not incumbent upon this Court to examine the other prong. See, e.g., *Thomas v. State*, 318 Ga. App. 849, 857 (5) (734 SE2d 823) (2012).

"When reviewing a trial court's decision to grant a motion for new trial based on ineffective assistance of counsel, we defer to the trial court's findings of fact unless clearly erroneous, but owe no such deference to its conclusions of law which we apply independently to the facts." *State v. Sims*, 296 Ga. 465, 468-469 (2) (769 SE2d 62) (2015). In reviewing Banks' claims of ineffective assistance, the trial court

5

recited Banks' grounds and found that testifying counsel "was not properly mentored throughout the proceedings by an experienced attorney and did not posses the knowledge necessary to properly represent [Banks] in a capital case." However, the trial court failed to enter findings of fact and conclusions of law on Banks' specific grounds of ineffective assistance.[2] See *White v. State*, 287 Ga. 713, 720 (4) (699 SE2d 291) (2010). Rather, it simply concluded that testifying counsel's performance "was deficient and that the deficient performance was prejudicial to [Banks'] defense."[3]

---

[2] Despite this lack of specificity in the trial court's order, a remand is not required. See *Hendrix v. State*, 268 Ga. App. 455, 457 (2) (602 SE2d 133) (2004) ("[W]hen the record is sufficient, as here, an appellate court may decide ineffectiveness issues without remanding the case when the remand would waste judicial and legal resources and serve no useful purpose.").

[3] The trial court correctly recognized inexperience alone "falls far short of demonstrating a complete failure of the adversarial process and would not support a finding of ineffective assistance of counsel," but added that "inexperience alone is not what the Court is basing this decision on." Although not specifically stated as a basis for its ruling, it appears the trial court found that the supervision of lead counsel was insufficient, which it determined is tantamount to ineffective assistance of counsel. Neither Banks nor the trial court cited any Georgia authority, and we have found none, in support of this proposition. But even if the proposition were true, Banks made no showing concerning the effectiveness of the two additional counsel who represented him at trial. See Division 1 infra. Similarly, neither Banks nor the trial court cited any support for the position that a prospective attorney who has graduated from law school and passed the bar examination, but has not yet been admitted to practice law, constitutes a per se denial of a fair trial or of the effective assistance of counsel. See *People v. Denzel W.*, 930 NE2d 974, 980-981 (Ill. 2010); *Wilson v. People*, 652 P2d 595, 597 (Colo. 1982). Moreover, the trial court's finding is

6

Although a thorough review of the record reveals that three attorneys from the Brunswick Judicial Circuit Public Defender's Office represented Banks at trial,[4] one of whom was the chief circuit public defender, Banks presented the testimony of only one of his three attorneys during the hearing on his motion for new trial.[5] Notably, Banks does not distinguish between his three attorneys which attorney was responsible for the individual claims of ineffective assistance. Compare *Kerdpoka v. State*, 314 Ga. App. at 406 (6) (defendant distinguished between alleged errors by lead counsel and assistant counsel). According to his motion for new trial as

---

apparently based solely upon lead counsel's statement on cross-examination that she "didn't feel like there was any mentorship. . . ."

[4] A fourth attorney from the public defender's office represented Banks during a pretrial *Jackson-Denno* hearing.

[5] The testifying attorney had been designated as lead counsel prior to trial. To the extent Banks' allegations of ineffective assistance of counsel are directed toward attorneys who did not testify at the motion for new trial hearing, we note initially that it is "extremely difficult to overcome the presumption that . . . counsel's conduct was strategic or that it falls within the wide range of reasonable professional conduct." *Kerdpoka v. State*, 314 Ga. App. 400, 407 (6) (b) (724 SE2d 419) (2012). See also *Davis v. State*, 280 Ga. 442, 443 (2) (629 SE2d 238) (2006); *McRae v. State*, 289 Ga. App. 418, 419 (657 SE2d 323) (2008). However, since there is no specific claim that Banks' two remaining counsel offered ineffective assistance, we conclude that any such claims have been waived. See *Morris v. State*, 330 Ga. App. 750, 751 (2) (769 SE2d 163) (2015) (an appellant is required to "raise any issue of ineffective assistance of trial counsel at the earliest practicable moment to avoid it being deemed waived").

amended, Banks contended that he received ineffective assistance of trial counsel due to four specific errors. We address each in turn.

(a) *Testimony of Dr. Greg Cox.* First, Banks contends he received ineffective assistance due to lead counsel's failure to timely disclose Dr. Greg Cox as an expert witness, which resulted in a limitation of Dr. Cox's proposed testimony. Because the record demonstrates that the attorney designated as lead counsel did not participate in the notice and presentation of Dr. Cox, we conclude that Banks failed to demonstrate ineffective assistance by lead counsel.

During trial, a State's witness testified that the four-year-old victim became "obsessed with her private areas" and masturbated after the abuse had been disclosed. Lead counsel objected, arguing that the information concerning the victim's masturbation had not been disclosed in discovery. The trial court overruled the objection. Following additional testimony, lead counsel renewed the objection, moved for a mistrial, and argued that the State opened the door to child psychology issues which required expert testimony "to explain to the jury why a four-year-old . . . playing with herself is seemingly normal behavior." The chief circuit public defender then engaged in an extended colloquy with the trial court, focusing upon the

need for an expert witness to explain sexual behavior in children. The trial court denied Banks' motion for mistrial.

After a lunch recess, the circuit public defender revisited the need for an expert witness in child psychology. The trial court required Banks to "let the State know what you expect . . . your expert to testify about," and stated that it would "protect [the defense] on getting your expert in." The next day, the circuit public defender stated that Dr. Cox would testify concerning sexual behavior by children as well as "aspects of child brain development and memory and recall." The State objected to any proposed testimony by Dr. Cox beyond the sexual behavior of children, and the trial court deferred its ruling until Banks filed a written notice of Dr. Cox's proposed testimony.

Banks' written notice of intent to present expert testimony identified Dr. Cox's proposed testimony in "the areas of child psychology and development, age appropriate behaviors for young children, now discredited trauma syndromes . . ., and with respect to the brain development, memory and recall of young children." The parties engaged in a lengthy discussion with the trial court concerning the scope of Dr. Cox's proposed testimony, after which the State met with Dr. Cox. The State then renewed its objection to Dr. Cox offering expert testimony on any topic not related

to sexual behavior by children. The trial court agreed and limited Dr. Cox to "the age appropriate sexual behavior" of young children.

Aside from the initial objection to testimony about masturbation by the victim, lead counsel neither argued the motion to admit Dr. Cox's testimony during trial, nor executed the notice of intent to introduce Dr. Cox's testimony. Furthermore, Banks did not present either attorney responsible for introducing Dr. Cox's testimony as a witness during Banks' motion for new trial hearing. See *Morris*, 330 Ga. App. at 752 (2); *Kerdpoka*, 314 Ga. App. at 407 (6) (b). Finally, although Banks proffered an affidavit by Dr. Cox outlining his proposed testimony, the affidavit does not demonstrate that the result of Banks' trial may have been different had Dr. Cox's testimony been admitted. Inasmuch as lead counsel had no role in notifying the trial court of Banks' intent to introduce expert testimony, there is no action or inaction to find erroneous. As a result, we conclude Banks failed to demonstrate ineffective assistance of trial counsel.

(b) *Testimony of Improper Interview Techniques.* Second, Banks argued that trial counsel failed to present expert testimony on allegedly improper interview techniques during the forensic interview of the victim. During the motion for new trial hearing, lead counsel testified that she approached the chief circuit public

10

defender in advance of trial concerning the need for an expert on "the interview techniques by the two police officers." The circuit public defender replied only that they "couldn't get an expert." Lead counsel did not "follow-up after that conversation." The circuit public defender did not testify during the motion for new trial hearing.

Pretermitting whether lead counsel erred in failing to do more to secure an expert witness in the field of forensic interviewing, Banks "has failed to show prejudice in this case because he has offered no evidence as to what an expert . . . would have opined." *White v. State*, 293 Ga. 635, 636 (2) (748 SE2d 888) (2013). See also *Brown v. State*, 293 Ga. 518, 519 (2) (748 SE2d 388) (2013) ("Speculation that [a witness] could have given testimony favorable to the defense does not establish prejudice."); *Arbegast v. State*, 332 Ga. App. 414, 421 (4), 426 (6) (g) (773 SE2d 283) (2015); *Bagwell v. State*, 329 Ga. App. 122, 129 (2) (b) (ii) (764 SE2d 149) (2014).

> To establish the prejudicial effect of trial counsel's failure to present certain evidence, an appellant is required to make an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of the case. Absent a proffer of what the testimony of his expert would have been at trial, [Banks] cannot show

that there is a reasonable probability that the outcome of the trial would have been different had his counsel taken the suggested course.

*White*, 293 Ga. at 636-637 (citing *Smith v. State*, 303 Ga. App. 831, 835 (4) (695 SE2d 86) (2010)). As a result, Banks again failed to demonstrate ineffective assistance of trial counsel.

(c) *Certified Copies of Prior Convictions of State's Witnesses.* Third, Banks alleged that trial counsel failed to obtain certified copies of convictions of either Kelli or Victoria Boatright, each of whom were identified as potential witnesses for the State. At the hearing on Banks' motion for new trial, lead counsel acknowledged that Kelli Boatright was not a testifying witness. In addition, lead counsel could not state whether Victoria Boatright even had a prior conviction, stating that she did not believe Victoria Boatright "had ever been adjudicated guilty" and that a criminal action was "still pending somewhere."

Irrespective of whether lead counsel played any role in the search for prior convictions, Banks failed to introduce copies of any convictions, certified or uncertified, at the motion for new trial hearing. In the absence of any supporting evidence, Banks failed to establish that he was prejudiced by lead counsel's alleged error. See, e.g., *Wallace v. State*, 294 Ga. 257, 259 (3) (a) (750 SE2d 302) (2013);

12

*Aburto v. State*, 327 Ga. App. 424, 431 (3) (759 SE2d 276) (2014); *Long v. State*, 324 Ga. App. 882, 896 (7) (752 SE2d 54) (2013); *Leopold v. State*, 324 Ga. App. 550, 555 (1) (b) (751 SE2d 184) (2013); *Ashmid v. State*, 316 Ga. App. 550, 557 (3) (a) (730 SE2d 37) (2012) ("there has been no showing in the record that any State witness even had a criminal history to discover"). Compare *Curtis v. State*, 330 Ga. App. 839, 843 (1) (c) (i) (769 SE2d 580) (2015).

(d) *Inexperience of Trial Counsel.* Finally, Banks contended that trial counsel lacked experience "to litigate a case of this magnitude." The gravamen of Banks' claim is that the attorney from the Public Defender's Office designated as lead counsel was inexperienced and, despite receiving confirmation that she passed the Georgia bar examination prior to trial, had not been sworn in as a member of the State Bar of Georgia at the time of trial. These arguments fail.

(i) The attorney designated as lead counsel began working in the Brunswick Judicial Circuit Public Defender's Office in September 2013. At that time, she was sworn in under the Graduate Practice Act, which permitted her to practice "through the end of the month where I got my [b]ar results. . . ." See Supreme Court of Georgia Rules 97, 100. She was designated lead counsel on October 11, 2013, and she learned that she passed the bar examination on October 25, 2013, the Friday before Banks'

13

trial began on the following Monday. She was later sworn in as a member of the State Bar on November 7, 2013.

To prepare for Banks' trial, lead counsel met with Banks on two occasions; discussed the State's plea offer with him; received and reviewed discovery from the State, including reports concerning law enforcement's interviews of witnesses; reviewed discovery with Banks; offered to review the victim's forensic interview with Banks, which Banks declined; interviewed Banks' grandparents, his pastor, and a potential witness (Tommy Clark); issued subpoenas to multiple witnesses; discussed potential plea offers with the State; and filed three motions in limine, four motions for in camera inspections of various records, open records requests, a motion for individual voir dire, a motion for a special juror questionnaire, and the defense's requests to charge. In addition, lead counsel had participated in a child abuse case during law school.

During trial, lead counsel individually argued multiple motions in limine; made motions for mistrial (which resulted in curative instructions); cross-examined three of the State's witnesses; presented the direct testimony of three defense witnesses; moved to strike the victim's testimony; and gave the defense's closing argument. Lead counsel also conferred with other counsel at various points in the trial.

14

With this evidence in mind, and with no reference to a specific error by lead counsel, see *Sevostiyanova*, 313 Ga. App. at 737 (11) (a), we cannot say that lead counsel's performance "fell below an objective standard of reasonableness under the circumstances confronting counsel at the time without resorting to hindsight." *Copeland*, 327 Ga. App. at 527 (3). To the contrary, we conclude that lead counsel rendered "adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id.

(ii) Banks' argument targeting the inexperience and status of his lead counsel, and the trial court's reliance upon it, is flawed for at least two reasons. First, the argument views one attorney in a vacuum and necessarily ignores the fact that two additional attorneys actively participated throughout Banks' trial. In addition to the tasks lead counsel performed as outlined in Division 1 (d) (i), supra, lead counsel consulted with, and yielded to, the other two attorneys throughout trial.[6] Indeed, the trial court noted that lead counsel "had very capable counsel sitting with you all the

---

[6] In one instance, the circuit public defender stepped in to correct a misstatement by lead counsel concerning the timing of a limiting instruction. In another, the circuit public defender represented Banks when the trial court advised Banks of his right to testify because lead counsel was "dealing with some witness issues for the defense case."

way through this" and that "[y]ou've got three attorneys over there."[7] Banks himself acknowledged that he had the opportunity to communicate with each of his attorneys at any time during trial. The circuit public defender also noted that, at one point, "two gentlemen in the back of the courtroom are assistant public defenders and they're assisting us with the case." Moreover, defense objections by more than one defense counsel occurred with sufficient frequency that the trial court twice stated, "I'm just going to let one of you object at a time. . . ."[8] Finally, during a recess, the circuit public defender noted that "we've got three lawyers here" to review the trial court's proposed charge. Taken together, this evidence belies Banks' assertion in his brief to this Court that other counsel merely made "brief guest appearances. . . ." To the contrary, the record reveals a concerted effort by the Public Defender's Office to present a coordinated and thorough defense for Banks. Despite the active

---

[7] A second attorney from the public defender's office cross-examined three State's witnesses; examined two witness for the defense, including the defense's expert witness; argued various motions and objections; and appeared for sentencing. Finally, the circuit public defender participated throughout the trial by arguing various motions, most notably the motion to allow Dr. Cox's unabridged expert testimony.

[8] Furthermore, the record is replete with several instances in which more than one defense counsel participated in bench conferences or other hearings concerning evidentiary rulings.

participation of a team of attorneys, Banks presented no testimony concerning the performance and qualifications of the two remaining attorneys, one of whom was the circuit public defender.

Second, the more concerning issue is that, to the extent the designation of lead counsel was erroneous, Banks cannot invite error only to challenge the alleged error after an unfavorable result at trial. See *Stewart v. State*, 239 Ga. 588, 590 (6) (238 SE2d 540) (1977) ("A party cannot induce an alleged error or '. . . ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later.'"); *Puckett v. State*, 239 Ga. App. 582, 583 (1) (521 SE2d 634) (1999) ("'one cannot complain of a judgment, ruling or result he has procured or aided in causing by his own strategy, tactics or conduct."). In fact, the trial court knew that lead counsel had not been sworn in as a member of the State Bar of Georgia at the time of trial.[9] The record reveals that, on the morning of the second day of trial, two of Banks' three counsel were late. Lead counsel stated that, "since I have not yet been

---

[9] The only citation offered in support of Banks' argument on this point is inapplicable because the Illinois Supreme Court found that a violation of its rule governing appearances by law school graduates did not amount to a per se denial of counsel. *Denzel W.*, 930 NE2d at 982, 983. It is further distinguishable because the rule applicable in that case required the written consent of the client to be represented by the graduate. See Id. at 980-981. There is no similar requirement in Georgia's rules. See Supreme Court of Georgia Rules 97-103.

sworn in yet, I'm not sure that we can conduct -- should conduct any proceedings before they get here." The trial court agreed. Similarly, lead counsel agreed that she was not permitted "to do work in the courtroom without a supervising attorney with [her.]" See Supreme Court of Georgia Rule 98. Finally, lead counsel did not express any objection to the trial court concerning her inexperience.[10]

In sum, we conclude that Banks failed to carry his burden to prove that lead counsel's "performance was deficient, and that, but for the deficiency, there was a reasonable probability the outcome of the trial would have been different." *Copeland*, 327 Ga. App. at 527 (3). Because the trial court erred in concluding that Banks received ineffective assistance of trial counsel, we reverse and remand.[11]

*Judgment reversed, and case remanded. Doyle, C. J., and Ray, J., concur.*

---

[10] In contrast, lead counsel "emphatically and even eagerly" testified to her own alleged ineffectiveness during Banks' motion for new trial hearing, stating at one point that she "basically escorted [Banks] to prison." See *Carrie v. State*, 298 Ga. App. 55, 62 (5), n. 23 (679 SE2d 30) (2009) ("this case is yet another example of the worrying trend of trial counsel emphatically and even eagerly testifying to [her] own incompetence.").

[11] Banks raised several additional alleged errors in his motion for new trial as amended. The trial court concluded that, because it granted Banks' motion for new trial on fair trial and ineffective assistance of counsel grounds, Banks' remaining grounds were rendered moot. Because we reverse the trial court's ruling on Banks' claim of ineffective assistance of trial counsel, we remand to permit the trial court to evaluate Banks' remaining claims.